FILED
United States Court of Appeals
Tenth Circuit

September 12, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL LESLIE MOONEYHAM,

Defendant-Appellant.

No. 14-6058
(D.C. Nos. 5:13-CV-00398-D and
5:11-CR-00254-D-1)
(W.D. Oklahoma)

**ORDER**

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. Daniel Mooneyham pleaded guilty to one count of receiving child
pornography (18 U.S.C. § 2252(a)(2)) and obtained a 20-year sentence. R. vol. 1, at 20;
R. vol. 3, at 14-15, 108-09. Mr. Mooneyham waived his right to appeal or collaterally
attack his guilty plea and sentence as long as the sentence did not exceed the sentencing
guideline range as calculated by the court. R. vol. 1, at 25. Despite waiving the right to
collateral review, Mr. Mooneyham moved to vacate the sentence under 28 U.S.C. § 2255
(2012). The district court enforced the waiver on some of the claims and denied the
§ 2255 motion. R. vol. 1, at 287. Mr. Mooneyham asks for a certificate of appealability

and an order allowing leave to proceed in forma pauperis. We decline to grant a certificate of appealability, but grant leave to proceed in forma pauperis.

## I. Standard for a Certificate of Appealability

A certificate of appealability is necessary for Mr. Mooneyham to appeal. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013). We will issue a certificate only when the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). An applicant must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983), *superseded by statute*, Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214, *as recognized in Slack*, 529 U.S. at 483-84).

## II. The Issues

On appeal, Mr. Mooneyham contends that his counsel was ineffective in three ways:

- in negotiating and explaining the plea,[1]
- in providing representation at sentencing, and

---

[1] Although Mr. Mooneyham asserted four grounds for relief in his § 2255 motion, the district court determined that two of the grounds involved ineffective assistance of counsel in connection with entry into the plea agreement and waiver of collateral and appellate challenges. R. vol. 1, at 192-97. On appeal, Mr. Mooneyham has consolidated these grounds into one claim (that counsel was ineffective in negotiating and explaining the plea agreement). Appellant Br. at 2-5.

- in failing to file an appeal.

Appellant Br. at 2-8. The district court ruled that the waiver of a collateral challenge barred consideration of the second and third contentions and rejected the first contention on the merits. R. vol. 1, at 292, 297.

## III. Ineffectiveness of Counsel in Negotiating and Explaining the Plea

Mr. Mooneyham alleges that his counsel was ineffective in negotiating and explaining the plea by:

- telling Mr. Mooneyham to plead guilty because he would receive a five-year sentence,

- failing to tell him that supervised release conditions could be imposed,

- failing to meet and communicate,

- waiting until the day before the plea hearing to present the proposed agreement,

- failing to explain all the terms of the agreement, and

- spending less than an hour with Mr. Mooneyham prior to the plea.

*Id.* at 293. Based on these allegations, Mr. Mooneyham claims that his counsel was ineffective in negotiating and explaining the plea. Appellant Br. at 4. We disagree.

### A. Ineffective Assistance of Counsel Standard

We apply the two-pronged test stated in *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Under *Strickland*, Mr. Mooneyham must show: (1) counsel's deficiency, and (2) prejudice. *Strickland*, 466 U.S. at 687-88. Because we find it "easier to dispose of [Mr. Mooneyham's] ineffectiveness claim" on the prejudice prong, we need not analyze whether counsel was deficient. *Id.* at 697.

3

## B.    Prejudice

The prejudice prong requires Mr. Mooneyham to demonstrate a "reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. A "'reasonable probability is a probability sufficient to undermine confidence in the outcome. That requires a 'substantial,' not just 'conceivable,' likelihood of a different result.'" *Heard v. Addison*, 728 F.3d 1170, 1176 (10th Cir. 2013) (quoting *Cullen v. Pinholster*, __U.S.__, 131 S. Ct. 1388, 1403 (2011)).

Mr. Mooneyham asserted in the district court that he would have rejected the plea offer "but for counsel's error." R. vol. 1, at 267. This assertion is inadequate under the circumstances. *See Heard*, 728 F.3d at 1184 (holding that a "'mere allegation that [the petitioner] would have insisted on trial but for his counsel's errors … is ultimately insufficient'" to justify relief) (quoting *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (alteration in original)). In addition, Mr. Mooneyham had to identify facts indicating that "a decision to reject the plea bargain would have been *rational* under the circumstances." *Id.* (quoting *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010)) (emphasis added).

Mr. Mooneyham cannot make that showing. He was charged not only with receiving child pornography, but also with enticing a child to engage in sexually explicit conduct under 18 U.S.C. § 2251(a). R. vol. 2, at 9. Because of Mr. Mooneyham's prior criminal history, the charge carried a 25-year mandatory minimum sentence with a maximum sentence of 40 years. *See* 18 U.S.C. §§ 2251(e) (2006) (15 to 30 years in

4

prison), 2260A (additional 10-year consecutive sentence for sex offenders). If Mr. Mooneyham had gone to trial, he would have faced the potential for a harsher sentence. And, had he gone to trial, he likely would have been convicted because the evidence of guilt was strong. R. vol. 1, at 294; R. vol. 2, at 48-55; *see Miller v. Champion*, 262 F.3d 1066, 1075 (10th Cir. 2001) (affirming the district court's consideration of the strength of the evidence against the defendant in connection with the prejudice prong). Because Mr. Mooneyham has not identified facts indicating that a rational defendant might have preferred trial over the plea offer, he cannot show prejudice; thus, we reject the claim of ineffective assistance of counsel.

## IV.    Ineffective Assistance at the Sentencing and in the Failure to File an Appeal

Mr. Mooneyham argues that his counsel was ineffective at the sentencing and in failing to file a notice of appeal as directed. Appellant Br. at 5-8. These claims are precluded by the waiver of collateral challenges.

### A.    The Waiver

In the plea agreement, Mr. Mooneyham waived his rights to "[a]ppeal or collaterally challenge his guilty plea, sentence . . . imposed, and any other aspect of his conviction" as long as the sentence fell within or below the advisory sentencing guidelines determined by the court to apply. R. vol. 1, at 25. The waiver is enforceable if: (1) the ineffective assistance claims fall within the scope of the waiver, (2) the defendant knowingly and voluntarily waived his right to collateral review, and (3) enforcement of the waiver would not result in a miscarriage of justice. *United States v.*

*Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc); *United States v. Parker*, 720 F.3d 781, 787 (10th Cir. 2013).

### B.    The Scope of the Waiver

The waiver covers the ineffective-assistance claims regarding the sentencing and the failure to file an appeal.  *See United States v. Cockerham*, 237 F.3d 1179, 1188 (10th Cir. 2001) (because the defendant's claim of ineffective assistance at sentencing did not relate to the validity of the plea or the waiver, the right to challenge the sentence was waived); *United States v. Viera*, 674 F.3d 1214, 1217-18 (10th Cir. 2012) (holding that a failure to file an appeal is within the scope of the waiver because the failure "does not undermine the validity of the plea or waiver").  The sentence fell below the guideline range, and Mr. Mooneyham's challenges involving the sentence and failure to appeal cannot reasonably be construed as challenges to the validity of the plea or the waiver of rights to challenge the plea.  *See Viera*, 674 F.3d at 1218; *Cockerham*, 237 F.3d at 1188.  We hold that Mr. Mooneyham's challenges fell within the scope of the waiver.

### C.    "Knowing and Voluntary"

Second, Mr. Mooneyham knowingly and voluntarily waived his right to collateral review.  In reaching this conclusion, we focus on:  (1) "whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily[,]" and (2) the presence of "an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325.  The plea agreement states that the waiver was knowing and voluntary, and Mr. Mooneyham acknowledged that he had discussed the terms with his attorney and understood them.  R. vol. 1, at 25, 27; R. vol. 3, at 17.  Because Mr.

6

Mooneyham presents no evidence challenging the validity of the waiver, we assume that it was knowing and voluntary. *See Hahn*, 359 F.3d at 1329.

### D. "Miscarriage of Justice"

Enforcing Mr. Mooneyham's collateral attack waiver will not result in a miscarriage of justice.

Enforcement of a waiver of collateral challenges results in a miscarriage of justice only: "'(1) where the district court relied on an impermissible factor such as race, (2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, (3) where the sentence exceeds the statutory maximum, or (4) where the waiver is otherwise unlawful.'" *Id.* at 1327 (quoting *United States v. Elliott*, 264 F.3d 1171, 1173 (10th Cir. 2001)). A waiver is otherwise unlawful only when it seriously affects the "'fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)).

Mr. Mooneyham alleges ineffective assistance of counsel in connection with the negotiation of the plea agreement. But we have concluded that defense counsel was not deficient in negotiating the plea agreement. Because Mr. Mooneyham has not otherwise alleged a basis for a miscarriage of justice, we conclude that the waiver bars consideration of the ineffective-assistance claims regarding the sentencing and failure to file an appeal.

7

**V.      Leave to Proceed in Forma Pauperis**

Mr. Mooneyham cannot afford the filing fee; thus, we grant leave to proceed in forma pauperis.

**VI.     Disposition**

We deny the request for a certificate of appealability and grant leave to proceed in forma pauperis.

Entered for the Court


Robert E. Bacharach
Circuit Judge