**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 2, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TOMMY LYNN RICHARDSON,

Defendant - Appellant.

No. 17-6026
(D.C. Nos. 5:16-CV-00988-HE and
5:14-CR-00177-HE-2)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY,**
**AND DISMISSING APPEAL**

Before **LUCERO**, **O'BRIEN**, and **MORITZ**, Circuit Judges.

Tommy Lynn Richardson, with the help of his co-defendants, Lawrence Bothwell and Kenneth Boyce, enticed over 70 individuals to invest over $1.6 million in Bothwell Consulting (BC).[1] They told the investors the money would be used to bring Menastil, a topical ointment used to treat menstrual cramps and other forms of pain, to market. But BC did not own the patent or distribution rights to Menastil. They also promised the investors an annual rate of return of 12 to 20 percent and assured them their investments were secured by a multi-million dollar trust. No trust existed and no investor ever

---

[1] Richardson targeted some of his victims through online dating websites—reaching out to vulnerable women, usually single mothers.

received the promised return. Instead, Richardson, Bothwell, and Boyce used the money for their own personal benefit.

Richardson was indicted with conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. He pled guilty pursuant to a plea agreement. Relevant here, the plea agreement provided: "[A]s part of the sentence resulting from the Defendant's plea, the Court *will enter an order of restitution to all victims of the Defendant's relevant conduct* as determined by reference to the United States Sentencing Guidelines." (R. at 47 (emphasis added).) He waived "his right to collaterally challenge or move to modify (under 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(2), or any other ground) his conviction or sentence, *including any restitution*, except with respect to claims of ineffective assistance of counsel that relate specifically to the validity of [Richardson's] guilty plea or the waivers in this paragraph." (*Id*. at 52 (emphasis added).) At the change of plea hearing, Richardson was again advised "the Court *will enter an order of restitution* to all victims of [his] conduct, *and that this includes his relevant conduct*." (*Id*. at 134 (emphasis added).) And the district judge again emphasized that by pleading guilty, Richardson was "giving up [his] right to indirectly challenge the sentence or conviction through a habeas corpus proceeding or some other indirect means of attack." (*Id*. at 136.) Richardson said he understood.

Nevertheless, after being sentenced to 68 month imprisonment (well below the recommended guideline range of 97-121 month imprisonment) and ordered to pay

$1,698,117.50 in restitution, Richardson filed a pro se 28 U.S.C. § 2255 motion.[2] He claimed counsel was ineffective for not objecting to what he claims to be an illegal restitution order. The government argued his motion was precluded by the collateral attack waiver contained in his plea agreement. The judge agreed.

He concluded Richardson had knowingly and voluntarily waived his right to collaterally attack the restitution order. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (in determining whether a plea agreement waiver of appellate rights is enforceable, we consider whether: (1) the disputed claim falls within the scope of the waiver; (2) the defendant knowingly and voluntarily entered into the waiver; and (3) enforcing the waiver would result in a miscarriage of justice); *see also United States v. Viera*, 674 F.3d 1214, 1217 (10th Cir. 2012) (applying *Hahn* analysis to a collateral attack waiver). While a plea agreement's waiver of the right to collaterally attack a conviction or sentence does not waive the right to bring a claim that the guilty plea or waiver was the result of ineffective assistance of counsel, Richardson's ineffective assistance of counsel claim went only to counsel's alleged failure to object to the validity of the restitution order. *Viera*, 674 F.3d at 1217-18; *see also United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) ("[A] plea agreement waiver of postconviction rights does not waive the right to bring a § 2255 petition based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver"; "[c]ollateral attacks based on ineffective assistance of counsel claims that are characterized as falling outside

---

[2] We have liberally construed his pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

that category are waivable."). The judge also decided enforcement of the waiver would not otherwise result in a miscarriage of justice; the MVRA plainly authorizes full restitution to the victims of an offense and Richardson provided nothing demonstrating the losses making up the restitution order were not within the scope of the conspiracy or his relevant conduct. *Hahn*, 359 F.3d at 1327 (describing four scenarios where enforcement of a waiver would result in a miscarriage of justice).

Richardson seeks to appeal from the denial of his § 2255 motion. He needs a certificate of appealability (COA) to do so. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (a COA is a jurisdictional prerequisite to our review of a § 2255 motion). The judge denied a COA so he renews his request here.

We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). He has not met his burden.

He continues to argue the restitution order is illegal and counsel was constitutionally ineffective for not objecting to it.[3] But unless he can overcome the

---

[3] He also argues that counsel was deficient for not filing a direct appeal. The

collateral attack waiver contained in his plea agreement, he is out of luck. On that score, he offers nothing to refute the judge's analysis of the validity of the waiver. After a thorough review of the record, the judge's order, and Richardson's filings, we see no error in the judge's decision to enforce the waiver and therefore no reason to think jurists of reason could reasonably debate the correctness of the result reached.

We **DENY** a COA and **DISMISS** this matter.

The district judge denied Richardson's request to proceed on appeal without prepayment of fees (*in forma pauperis* or *ifp*) because he "failed to show the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."[4] (R. at 255 (quotation marks omitted).) He has renewed his *ifp* request with this Court. We agree with the district judge—this appeal is frivolous. However, because we have fully addressed his COA application, his renewed request to proceed *ifp* on appeal is

---

judge did not specifically address this argument, most likely because Richardson only hinted at the argument in the district court. Nevertheless, this argument, too, is precluded by his collateral attack waiver under the *Hahn* factors. *See Viera*, 674 F.3d at 1217-19; *see also United States v. Parker*, 720 F.3d 781, 785-86 (10th Cir. 2013).

[4] The payment of filing and docketing fees is required in nearly all appeals, criminal as well as civil. *See* 18 U.S.C. §§ 1913, 1917. However, there is an important exception; we excuse <u>prepayment</u> of fees to prevent forfeiture of <u>potentially meritorious</u> appeals because of a person's impecunious circumstances. Frivolous appeals are not among those so excused because, by definition, they are not potentially meritorious. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (Congress enacted § 1915(a) "to ensure that indigent litigants have meaningful access to the federal courts"; however, at the same time it recognized "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits"); *see also DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (to proceed *ifp* on appeal, "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal") (emphasis added).

**DENIED AS MOOT**.  The relevant statute does not permit litigants to avoid payment of fees; only prepayment of fees is excused.  *See* 28 U.S.C. § 1915(a) (allowing courts to authorize the commencement of a civil or criminal suit or appeal "without *prepayment* of fees or security thereof") (emphasis added).  All filing and docketing fees ($505.00) are due and payable to the Clerk of the District Court.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge