FILED
United States Court of Appeals
Tenth Circuit

May 20, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREG PAUL REVERE SANCHEZ,

     Plaintiff - Appellant,

v.

BEAVER COUNTY SHERIFF; FNU
WOOLSEY; CAMERAN NOEL; FNU
HESSENTION; FNU HUSSEY; NERCE
ROBEN AVORY,

     Defendants - Appellees.

No. 20-4073
(D.C. No. 2:18-CV-00069-DAK)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **HOLMES**, **BACHARACH**, and **MORITZ**, Circuit Judges.

Mr. Greg Paul Revere Sanchez appeals from the district court's dismissal of

his civil rights action arising under 42 U.S.C. § 1983.[1]  The district court

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and 10th Circuit Rule 32.1.  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* FED. R. APP. P. 34(a)(2); 10TH CIR. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

[1]     Because Mr. Sanchez appears pro se, we construe his filings

(continued...)

dismissed Mr. Sanchez's § 1983 action for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b), after he failed to comply with a court order directing him to file a second amended complaint. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of Mr. Sanchez's § 1983 action.

## I

Mr. Sanchez is incarcerated in a Utah state prison. In January 2018, he filed a § 1983 complaint pro se in Utah federal district court. His complaint listed more than two dozen defendants; most were Utah state judges, prosecutors, law enforcement officials, or correctional officers. Mr. Sanchez's complaint contained a scattershot of alleged civil rights violations. None were pleaded with much precision. But the vast majority of his allegations related, in one way or another, to Mr. Sanchez's overarching claim that he was fraudulently and maliciously prosecuted and imprisoned.

In May 2019, the district court ordered Mr. Sanchez to file an amended complaint to cure several deficiencies in his complaint. The court specifically cited twelve aspects of Mr. Sanchez's complaint that were deficient or possibly deficient. Most of the alleged deficiencies related to improperly pleading certain

---

[1](...continued)

liberally, but we do not act as his advocate. *See United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013).

claims and improperly naming defendants without considering whether they were immune. The court also provided guidance on how to cure the deficiencies.

One month later, Mr. Sanchez filed an amended complaint. This time, Mr. Sanchez listed only five defendants: two officers from the Beaver County, Utah, sheriff's office and three officers from the Beaver County jail. The amended complaint reiterated many of Mr. Sanchez's initial broad allegations about the circumstances leading to his ostensibly wrongful imprisonment. However, against the named defendants, Mr. Sanchez somewhat more precisely alleged that the defendants fraudulently charged him with various crimes and harassed him in the county jail.

In April 2020, the district court ordered Mr. Sanchez to cure deficiencies in his amended complaint. The court identified twelve deficiencies in the amended complaint. Most deficiencies related again to improperly pleading certain claims and naming certain defendants. The court provided guidance on how to cure the deficiencies and ordered Mr. Sanchez to file a second amended complaint within thirty days.

Mr. Sanchez never filed a second amended complaint. On June 18, 2020, the district court dismissed the action for failure to prosecute, pursuant to Rule 41(b). The court technically dismissed the action without prejudice. However, the court noted that the statute of limitations might have expired on

some of Mr. Sanchez's claims. Therefore, the court assumed that the statute of limitations had run on all of his claims and that a dismissal of the action was effectively with prejudice.

The court therefore looked to our decision in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992), to determine whether a dismissal of Mr. Sanchez's action was appropriate. In *Ehrenhaus*, we directed courts to consider five factors when dismissing an action with prejudice: (1) the degree of actual prejudice to the defendant, (2) the amount of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the noncomplying litigant that dismissal of the action was a likely sanction, and (5) the efficacy of lesser sanctions. *See Ehrenhaus*, 965 F.2d at 921. The district court expressly weighed each *Ehrenhaus* factor and concluded that dismissal with prejudice was appropriate. Mr. Sanchez has brought this timely appeal.

## II

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a

plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

When a district court dismisses an action sua sponte pursuant to Rule 41(b), we review for an abuse of discretion. *See Davis v. Miller*, 571 F.3d 1058, 1060–61 (10th Cir. 2009). "An abuse of discretion occurs where a decision is premised on an erroneous conclusion of law or where there is no rational basis in the evidence for the ruling." *Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018) (quoting *N.M. Dep't of Game & Fish v. U.S. Dep't of Interior*, 854 F.3d 1236, 1245 (10th Cir. 2017)).

Mr. Sanchez fails to show that the district court abused its discretion in dismissing his action. Before doing so, the court carefully considered all five of the *Ehrenhaus* factors. Although the *Ehrenhaus* factors "do not constitute a rigid test," *Ehrenhaus*, 965 F.2d at 921, they are a "non-exclusive list of sometimes-helpful 'criteria' or guide posts the district court may wish to 'consider' in the exercise of what must always remain a discretionary function," *Lee v. Max Int'l, LLC*, 638 F.3d 1318, 1323 (10th Cir. 2011) (quoting *Ehrenhaus*, 965 F.2d at 921).

On the first factor, the court concluded that Mr. Sanchez's "neglect does not overtly prejudice Defendants, except that, in general, passage of time can weaken evidentiary support for a position." R. at 142 (Mem. Decision & Dismissal Order, filed June 18, 2020). On the second factor, the court determined

that Mr. Sanchez's failure to comply "caused the Court and staff to spend unnecessary time and effort" and thereby "increased the workload of the Court and t[ook] its attention away from other matters in which parties have met their obligations and deserve prompt resolution of their issues." *Id.* at 143. The court noted, regarding the third factor, that Mr. Sanchez previously "showed ability to file complaints and respond to Court orders," and therefore presumably "kn[ew] to obey" the court's second order to cure deficiencies in his amended complaint. *Id.* at 144. On the fourth factor, the court insisted that "[t]here can be no mistaking [its] intentions," given that it explicitly stated in its second order to cure deficiencies that it would dismiss the action if Mr. Sanchez failed to timely comply. *Id.* at 145. Finally, on the fifth factor, the court concluded that "no sanction less than dismissal would work here"—specifically, because Mr. Sanchez "has neglected this case so thoroughly that the Court doubts monetary or evidentiary sanctions would be effective (even if such sanctions could be motivating for an indigent, *pro se* prisoner)." *Id.* at 147.

Mr. Sanchez has failed to show that the district court abused its discretion when it dismissed his action. In fact, Mr. Sanchez has not even attempted to make an abuse-of-discretion argument. Instead, his brief merely restates the various allegations of his underlying § 1983 claims as raised in his first and

amended complaints. This showing provides no basis for us to reverse the district court's decision.

After all, "[t]he first task of an appellant is to explain to us why the district court's decision was wrong." *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015); *see also United States v. Kunzman*, 54 F.3d 1522, 1534 (10th Cir. 1995) ("It is insufficient merely to state in one's brief that one is appealing an adverse ruling below without advancing reasoned argument as to the grounds for the appeal." (quoting *Am. Airlines v. Christensen*, 967 F.2d 410, 415 n.8 (10th Cir. 1992))). Mr. Sanchez's brief certainly spins a "tale of apparent injustice." *Nixon*, 784 F.3d at 1366. But it "utterly fails . . . to explain what was wrong with the reasoning that the district court relied on in reaching its decision." *Id.*

Even construing Mr. Sanchez's briefing liberally, we cannot find any argument therein on why the district court abused its discretion in dismissing his action pursuant to Rule 41(b). Because Mr. Sanchez "has failed to present any argument or authority in support of this particular . . . claim, we decline to further consider it on appeal." *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1050 n.18 (10th Cir. 2011).

## III

For the foregoing reasons, we **AFFIRM** the district court's dismissal of Mr. Sanchez's § 1983 action.[2]

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge

---

[2] Mr. Sanchez has filed two motions. The first is a motion to proceed *in forma pauperis* (IFP). The second motion is a request for appointment of counsel to assist with his appeal. We summarily **deny** the IFP motion; as evident from our previous discussion, Mr. Sanchez has failed to "show . . . the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991). Consequently, Mr. Sanchez is obligated to pay immediately the outstanding balance of the filing fee. Furthermore, we **deny** the appointed-counsel motion as moot.