**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 25, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff – Appellee,

v.

    No. 12-6196

DONTE LAMONTE PARKER,

        Defendant - Appellant.

---

**Appeal from the United States District Court**
**for the Western District of Oklahoma**
**(D.C. Nos. 5:10-CR-00118-F and**
**5:11-CV-01426-F**

---

Donte LaMonte Parker, pro se.

---

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

---

**O'BRIEN**, Circuit Judge.

Donte Lamonte Parker, proceeding pro se,[1] wants to appeal from the denial of his

§ 2255 motion to vacate, set aside or correct sentence. His request for a certificate of

---

[1] While we liberally construe Parker's pro se filings, we will not "assume the role
(continued. . .)

appealability (COA) was also denied by the district judge, prompting him to reapply in this court. Because he has not "made a substantial showing of the denial of a constitutional right," *see* 28 U.S.C. § 2253(c)(2), we also deny a COA.

## I. BACKGROUND

As provided in a plea agreement Parker pled guilty to possession of approximately ½ ounce (14 grams) of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). In exchange for his guilty plea, the government agreed to dismiss two other counts. At sentencing the judge found him accountable for 765 grams of crack cocaine, which results in a total offense level of 29 after a 3-level downward adjustment for acceptance of responsibility. But Parker is a career offender under USSG §4B1.1, making his total offense level 31 (after the adjustment). That offense level and a criminal history category of VI results in an advisory guideline range of 188 to 235 months imprisonment. He was sentenced to 200 months. He did not file a direct appeal.

Despite a plea agreement containing a waiver of his right to appeal or collaterally attack his conviction or sentence (except for a sentence exceeding the advisory guideline range, which is not the case here), Parker filed a § 2255 motion. His motion raised several grounds relating to his counsel's performance, only two of which he seeks to

---

of advocate." *Yang v. Archuleta,* 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted).

pursue on appeal: whether counsel was ineffective (1) in negotiating his plea and (2) failing to file an appeal after being requested to do so.[2]

The district judge concluded the ineffective assistance of counsel claim concerning the negotiation of the plea agreement and entry of the plea survived the waiver. *See United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001). As to that claim, the judge concluded counsel's performance was not deficient and Parker failed to show prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). As to the alleged failure to file a requested appeal, the judge found the waiver to be enforceable, thereby precluding consideration of the ineffective assistance of counsel claim. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

## II. DISCUSSION

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

---

[2] Parker also argues counsel was ineffective for failing to raise the application of the Fair Sentencing Act of 2010. He concedes he did not raise this issue below. Thus we decline to address it. *United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 2002) ("[W]e do not address arguments presented for the first time on appeal.").

adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotation marks omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of the claims. *Miller-El*, 537 U.S. at 338. We discuss the issues in reverse order.

## A. Failure to File an Appeal

A defendant receives ineffective assistance of counsel if his attorney disregards a specific instruction to take an appeal from a conviction or sentence.[3] *Roe v. Flores-*

---

[3] On the other hand, if the defendant expressly tells counsel <u>not</u> to file an appeal, counsel is not ineffective for following his client's instructions. *Roe v. Flores- Ortega*, 528 U.S. 470, 477 (2000). The more difficult situation arises when the defendant neither instructs counsel to file an appeal nor requests that an appeal not be taken. *Id.* at 478. Whether counsel is deficient for not filing an appeal in that situation turns on whether counsel consulted with the defendant about an appeal and, if not, whether the failure to do so constitutes deficient performance. *Id.* In *Roe*, the Court declined to impose a bright line rule requiring counsel to always consult with a defendant about an appeal. *Id.* at 480. Indeed, a sentencing court's clear explanation of appeal rights to a defendant may substitute for counsel's failure to consult about an appeal. *Id.* at 479-80. At bottom, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480.

In this case counsel did consult with Parker about an appeal. The fact of consultation (but not necessarily its adequacy) and, more importantly, Parker's apparent decision about an appeal were made manifest in the plea agreement where his right to appeal (and to collaterally attack the conviction or sentence) was waived by clear and understandable language. Moreover, his informed decision about the waiver was confirmed by the trial judge during the guilty plea colloquy. *Roe* does not permit a belated appeal simply because the defendant experiences buyer's remorse about the

(continued. . .)

*Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327, 328 (1969)). Under such circumstances a defendant is entitled to a belated appeal without showing the appeal to have merit. *Rodriguez*, 395 U.S. at 329-30; *Peguero v. United States*, 526 U.S. 23, 28 (1999); *United States v. Snitz*, 342 F.3d 1154, 1155, 1159 (10th Cir. 2003). But, unlike those cases, this one involves a waiver of the right to collaterally attack the judgment or sentence. The waiver changes the dynamics, but two things remain constant: First, counsel provides ineffective assistance by not filing a notice of appeal when a defendant clearly requests it be done or when counsel fails to consult with him about an appeal as *Roe* requires. *See supra* n.3. Counsel may not refuse to file a notice of appeal based upon a waiver in the plea agreement, because the waiver must ordinarily be raised by the government[4] and a court, not counsel, must determine its efficacy.[5] *See Hahn*, 359 F.3d at 1324-25, 1328; *United States v. Calderon*, 428 F.3d

waiver. Nevertheless, the validity of the waiver may be subjected to judicial inquiry. *See Hahn*, 359 F.3d at 1324-25.

[4] It may also be enforceable without a motion, an issue not before us. Because a waiver does not strip us of jurisdiction to decide the validity of the waiver, we are under no <u>obligation</u> to raise it *sua sponte*. *See Hahn*, 359 F.3d at 1324, *cf. Day v. McDonough*, 547 U.S. 198, 205 (2006). Whether we <u>may</u> enforce such a waiver upon our own motion is not entirely clear. *See c.f. United States v. Mitchell*, 518 F.3d 740, 750 (10th Cir. 2008) (claim-processing rules <u>may</u> be raised by the court *sua sponte* if they "implicate[] important judicial interests beyond those of the parties"); *Day*, 547 U.S. at 209 (holding "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition"). At present our rules for enforcing appeal waivers depend upon a request by the government. *See infra* n.6.

[5] This situation is not unlike the one presented in *Anders v. California*, 386 U.S. 738 (1967). If appointed counsel "finds his [client's] case to be wholly frivolous, after a
(continued. . .)

928, 930-31 (10th Cir. 2005) (the government can waive its right to enforce a plea agreement waiver by failing to invoke it). Second, a defendant may not rescind a valid waiver after the plea agreement containing it is accepted by the court and sentence imposed. A waiver, if valid, is enforceable upon the government's motion.[6] *See United States v. Viera*, 674 F.3d 1214, 1217-18 (10th Cir. 2012) (collateral attack waiver); *Hahn*, 359 F.3d at 1324-25, 1328 (appellate waiver).[7]

Applying the *Hahn* factors, the district judge concluded Parker's collateral attack waiver is enforceable—(1) ineffective assistance based on the failure to file a requested appeal is within the scope of the waiver; (2) both the plea agreement and the change of

conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to the court a brief "referring to anything in the record that might arguably support the appeal." *Id.* "*[T]he court—not counsel*—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Id.* (emphasis added).

[6] If counsel files a notice of appeal, despite a waiver, the government may seek to enforce the waiver and pretermit the appeal. *See Hahn*, 359 F.3d at 1328; 10th Cir. R. 27.2(A)(1)(d), (3)(b),(c) (government may file motion to enforce appellate waiver within 20 days of district court's record notice but failing to timely file motion does not preclude it from raising waiver in merits brief). If counsel refuses or neglects to take a requested appeal or to properly consult with the defendant about appeal rights, the matter may be raised, as here, in a § 2255 motion where, as here, the government may seek to enforce the § 2255 waiver.

[7] The existence of a waiver normally limits our initial analysis to its enforceability. *See Viera*, 674 F.3d at 1217-18; *Hahn*, 359 F.3d at 1324-25, 1328. There are exceptions, however. Ineffective assistance of counsel claims based on the validity of a plea or waiver and claims of government breach of the plea agreement are not subject to waiver. *See United States v. Trujillo*, 537 F.3d 1195, 1200 (10th Cir. 2008) (government breach); *Cockerham*, 237 F.3d at 1187 (ineffective assistance of counsel claims based on validity of plea or waiver).

plea colloquy established the knowing and voluntary nature of the waiver; and (3)

enforcing the waiver would not result in a miscarriage of justice. *See Hahn*, 359 F.3d at

1325. We see no reason to quarrel with the judge's detailed analysis of the issue and see

no basis upon which to debate the propriety of his decision. That ends the matter.[8] *See*

*Viera*, 674 F.3d at 1218.

B. Negotiation of Plea

We also see no merit to Parker's claim of ineffective assistance in negotiating his

plea. Parker claims his attorney told him he would receive a 120 month sentence based

on a ½ ounce of crack cocaine, the amount involved in the count to which he pled. He

claims counsel did not inform him he could be held responsible for more than a ½ ounce

based on relevant conduct. Had counsel correctly advised him, he claims he would not

have pled guilty but instead proceeded to trial. Convenient, but hardly convincing.

---

[8] In *United States v. Garrett*, we allowed the defendant an evidentiary hearing on his § 2255 ineffective assistance of counsel claim based on counsel's failure to file an appeal despite the plea agreement containing a waiver of the right to appeal and collaterally attack the sentence. *Id.* at 1266-67 & n.5. While the waiver significantly limited Garrett's appellate rights, it did not foreclose all appellate review, namely, whether the waiver was enforceable under *Hahn*. *Id.* at 1266-67. But *Garrett* is inapposite because the government never sought to enforce the waiver contained in the plea agreement. *Garrett,* 402 F.3d at 1266 n.5; *see also Viera*, 674 F.3d at 1218-1219. The same is true with respect to *United States v. Guerrero*, 488 F.3d 1313, 1315 (10th Cir. 2007). *See Viera*, 674 F.3d at 1218 n.4.

Even assuming counsel's performance was deficient,[9] Parker has not shown prejudice. The plea agreement clearly informed Parker that the ultimate sentence was (within statutory limits) up to the discretion of the sentencing judge. At the change of plea hearing, the judge told Parker the advisory guideline range could not be calculated until after the presentence investigation, and the sentence imposed might be different from any estimate provided by his attorney. The judge also explained that in determining the sentence, both the charged conduct and any uncharged relevant conduct would be considered. Parker said he understood. Since Parker pled guilty "even after being so informed by the court, his mere allegation that, but for . . . counsel's failure to inform him about the use of relevant conduct in sentencing, he would have insisted on going to trial, is insufficient to establish prejudice." *United States v. Gordon*, 4 F.3d 1567, 1571 (10th Cir. 1993); *see also Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (in cases where a defendant complains ineffective assistance of counsel led him to accept a plea offer as opposed to

---

[9] "A miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance arising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). However, counsel's failure "to understand the basic structure and mechanics of the sentencing guidelines" can rise to deficient performance under *Strickland*. *See United States v. Washington*, 619 F.3d 1252, 1260 (10th Cir. 2010). Given Parker's pro se status, it is difficult to discern from his pleadings whether his ineffective assistance of counsel claim based on negotiation of his plea falls more on the side of *Gordon* or *Washington* or a bit of both. But it does not matter. Either way he has not shown prejudice. *See Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

proceeding to trial, defendant has to show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial").

As to drug quantity, the plea agreement informed Parker the government attributed 1 kilogram of crack cocaine to him. At sentencing the judge determined the amount based on relevant conduct was less than 1 kilogram, *to wit*, 765 grams. Parker's career offender status, not the drug quantity, dictated his sentence.

Because no jurist of reason could reasonably debate the correctness of the district court's decision, we **DENY** a COA and **DISMISS** this matter. We **DENY** Parker's request to proceed without prepayment of the fees. All unpaid filing and docketing fees are due and payable to the Clerk of the District Court. If all fees are not immediately paid, Parker must continue making periodic payments until they are paid in full.