**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 2, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DERRICK L. FREEMAN,

    Defendant - Appellant.

No. 17-3196
(D.C. Nos. 2:15-CV-09584-CM &
2:13-CR-20070-CM-1)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **McKAY**, and **KELLY**, Circuit Judges.
_____

Derrick Freeman seeks a certificate of appealability (COA) so he can challenge the

district court's dismissal of his 28 U.S.C. § 2255 motion. *See id.* § 2253(c)(1)(B). We

deny a COA and dismiss this appeal.

I

Freeman pleaded guilty to conspiracy to commit a Hobbs Act robbery, 18 U.S.C.

§§ 1951(a), 2; carjacking, *id.* §§ 2119, 2; and being a felon in possession of a firearm, *id.*

§ 922(g)(1). As part of his plea agreement, which was entered under Fed. R. Crim. P.

11(c)(1)(C), he knowingly and voluntarily waived his right to appeal or collaterally attack

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

any matter in connection with his prosecution, conviction, or sentence unless the district court departed upwards from the applicable sentencing guideline range. The parties stipulated to a 300-month sentence, and, after accepting the guilty plea, the district court sentenced him accordingly. Judgment entered on January 14, 2014. Freeman did not appeal.

Some nineteen months later, however, on August 24, 2015, Freeman filed a pro se motion to set aside the judgment so he could file a notice of appeal. Then on November 16, 2015, he filed a § 2255 motion alleging ineffective assistance of counsel for not filing an appeal. According to Freeman, he had "just recently discovered that his attorney did not file an appeal" despite his directive to do so. R., Vol. 1 at 70. He claimed his lawyer, Thomas Bartee, affirmatively represented at sentencing—both to him and to his family—that he would file an appeal, but he never did. Freeman therefore wanted another chance to file an appeal. In response, the government argued that the court should either dismiss the § 2255 motion as untimely or order an evidentiary hearing to resolve the merits of the ineffective-assistance claim. The district court conducted a hearing and afterwards dismissed the motion as untimely, ruling that Freeman did not exercise reasonable diligence in pursuing his claim. Alternatively, the court ruled that Bartee did not render ineffective assistance because, as a factual matter, Freeman did not instruct him to file an appeal. The court denied a COA, which Freeman now seeks from this court.

We deny a COA because Freeman cannot make a substantial showing of the denial of a constitutional right.

II

A COA is a jurisdictional prerequisite to our review. 28 U.S.C. § 2253(c)(1)(B); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires an applicant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). In assessing whether an applicant has made the required showing, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" governing his claims. *Miller-El*, 537 U.S. at 338.

Apart from the district court's untimeliness ruling, the district court alternatively ruled that, based on the testimony elicited at the evidentiary hearing, Freeman did not, as a factual matter, instruct Bartee to file an appeal. Freeman's COA application does not dispute this finding, and, thus, we elect to consider the underlying constitutional issue, without addressing the district court's procedural ruling. We conclude that no reasonable jurist would debate the district court's conclusion that Freeman failed to state a valid ineffective-assistance-of-counsel claim.

To establish ineffective assistance of counsel, an applicant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). "[A] lawyer who disregards specific instructions from the defendant to file a

3

notice of appeal acts in a manner that is professionally unreasonable." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000). "Counsel may not refuse to file a notice of appeal based upon a waiver in the plea agreement, because the waiver must ordinarily be raised by the government and a court, not counsel, must determine its efficacy." *United States v. Parker*, 720 F.3d 781, 786 (10th Cir. 2013) (footnote omitted).

Freeman claimed in his § 2255 motion that he specifically directed Bartee to file an appeal at sentencing and Bartee assured both him and his family that he would file an appeal. At the evidentiary hearing, Freeman testified that he called Bartee numerous times to confirm whether the appeal had been filed. He stated that he left messages with two of Bartee's assistants and inquired with them about the status of his appeal, but they told him he would need to speak to Bartee, who never returned his calls. Freeman also testified that he had another inmate write a letter to Bartee on his behalf, asking about his appeal, and still he received no response. He said it wasn't until another inmate was helping him determine whether he could seek relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), that he discovered his attorney did not file an appeal. He explained that this other inmate looked up the status of Freeman's appeal on a prison computer and discovered that no appeal had been filed.

But contrary to his written claim, Freeman also testified that his family didn't attend the sentencing hearing. His mother corroborated that testimony, stating at the evidentiary hearing that she didn't attend his sentencing and wasn't even aware he pleaded guilty until after he entered his plea. Bartee, who also testified at the evidentiary hearing, contradicted Freeman's testimony as well. He stated unequivocally that

4

Freeman did not instruct him to file a notice of appeal. Bartee testified that his normal practice is to consult with a client and file an appeal if the client instructs him to do so, even if the client pleads guilty and executes an appeal waiver. Also, Bartee did not recall receiving voicemails from Freeman, and the only letter he found in Freeman's case file was from Freeman asking to be added to a list of people seeking consideration for relief under *Johnson*. Based on this testimony, the district court found that Bartee was credible and that Freeman's written claim was contradicted by his own testimony. The court therefore found that Freeman did not, in fact, instruct Bartee to file an appeal. Given these findings, which Freeman does not dispute, he cannot make a substantial showing of the denial of a constitutional right.

III

Accordingly, because reasonable jurists would not debate the district court's dismissal of the § 2255 motion, we deny a COA and dismiss the appeal.

Entered for the Court

ELISABETH A. SHUMAKER, Clerk