FILED
United States Court of Appeals
Tenth Circuit

**July 14, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOEL S. ELLIOTT,

    Defendant - Appellant.

No. 21-8016
(D.C. Nos. 1:20-CV-00101-SWS &
1:15-CR-00042-SWS-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Joel S. Elliott, appearing pro se, requests a Certificate of Appealability ("COA") to appeal the district court's order denying his second or successive motion to vacate or set aside his conviction and sentence under 28 U.S.C. § 2255. We liberally review Elliott's filings, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991), and for the following reasons deny his request for a COA and deny his additional motions.

**I.**

In 2014, Elliott used gasoline and an incendiary device to set fire to a building owned by Sheridan County, Wyoming, and used by the Sheridan County Attorney's

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Office. As a result, Elliott was convicted of arson of a building owned or possessed by an entity receiving federal funds, in violation of 18 U.S.C. § 844(f), and using a firearm during and in relation to a crime of violence pursuant to 18 U.S.C. § 924(c). Elliott was also convicted of possessing an unregistered firearm under 26 U.S.C. § 5861(d) and false declaration before a Grand Jury under 18 U.S.C. § 1623(a). He was sentenced to 444 months of imprisonment.

Elliott appealed his conviction, raising issues regarding the government's use of an undercover informant and the building occupant's receipt of federal funds. We affirmed. *United States v. Elliott*, 684 F. App'x 685, 698 (10th Cir. 2017). Elliott then filed his first § 2255 motion, arguing that his trial counsel was ineffective under the Sixth Amendment and that the government violated *Brady v. Maryland*, 373 U.S. 83 (1963). The district court denied the motion, and we denied Elliott's request for a COA to appeal that denial. *United States v. Elliott*, 753 F. App'x 624, 626 (10th Cir. 2018).

Next, Elliott filed a Rule 60 motion, which the district court denied and declined to reconsider. We determined that Elliott's Rule 60 motion and motion to reconsider were actually unauthorized second or successive § 2255 motions and remanded for the district court to dismiss them for lack of jurisdiction. *United States v. Elliott*, 807 F. App'x 801, 804 (10th Cir. 2020). Elliott subsequently moved this court for authorization to file a second or successive § 2255 motion based on *United States v. Davis*, 139 S. Ct. 2319 (2019), and other grounds. We authorized the motion but limited it to arguments based on *Davis*.

2

The bulk of Elliott's 444-month sentence was attributable to his § 924(c) conviction, which required a mandatory 360-month sentence to run consecutively with any other sentences. *See* 18 U.S.C. § 924(c)(l)(B)(ii), (D)(ii). And in *Davis*, the Supreme Court declared § 924(c)(3)(B)—one of two clauses defining a "crime of violence"—void for vagueness. 139 S. Ct. at 2324. Thus, we allowed Elliott to ask the district court whether his arson conviction qualifies as a crime of violence under § 924(c)(3)(A)—the clause that remained intact.

Though Elliott's motion raised other issues, the district court addressed only the authorized *Davis* question. The court held that, "[b]ecause Elliott's predicate federal felony—arson of a building owned or possessed by an entity receiving federal funds—separately satisfies § 924(c)(3)'s elements clause definition for the term 'crime of violence,' any *Davis* infirmity in [Elliott's] conviction is harmless." ROA Vol. IV at 159 (quotation omitted). As such, the court denied Elliott's successive motion. It subsequently denied Elliott's motion to reconsider and denied him a COA. Elliott now seeks a COA from this court.

## II.

To obtain a COA, Elliott must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). That requires Elliott to prove "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This debatability standard "does not require a showing that the appeal will succeed," *Miller-El*

3

*v. Cockrell*, 537 U.S. 322, 337 (2003), but "[a] prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Id.* at 338 (quotations omitted). "In evaluating whether an applicant has satisfied this burden, we undertake a preliminary, though not definitive, consideration of the [legal] framework applicable to each of the claims." *United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013) (quotations omitted).

At the time of Elliott's offenses, 18 U.S.C. § 924(c) prohibited using or carrying a firearm during or in relation to a crime of violence. A "crime of violence" is defined as a federal offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). Subsection (A) is referred to as the "elements clause," and subsection (B) is referred to as the "residual clause." In *Davis*, the Supreme Court declared the residual clause void for vagueness. 139 S. Ct. at 2336. We have held that *Davis* is retroactive on collateral review. *United States v. Bowen*, 936 F.3d 1091, 1098 (10th Cir. 2019). Thus, Elliott's offense under 18 U.S.C. § 844(f)(1)—arson of a building receiving federal funds—can serve as a predicate crime of violence only if it satisfies the elements clause.

To determine whether Elliott's arson conviction "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," § 924(c)(3)(A), "we apply the categorical approach," *Bowen*, 936 F.3d at 1102.

4

"Under the categorical approach, we look 'only to the fact of conviction and the statutory definition of the prior offense, and do not generally consider the particular facts disclosed by the record of conviction.'" *Id*. (quoting *United States v. Serafin*, 562 F.3d 1105, 1107–08 (10th Cir. 2009)).

The arson statute that served as the predicate offense for Elliott's conviction under § 924(c) provides:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real property in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance, shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both.

18 U.S.C. § 844(f)(1).

The district court found "[t]here can be little doubt that arson in violation of § 844(f) is a crime of violence under § 924(c)'s elements clause." ROA Vol. IV at 154. In doing so, it cited several of our sister circuits, which have held that setting fire to property is using physical force. *See id*. (citing *United States v. Doggart*, 947 F.3d 879, 887–88 (6th Cir. 2020) (holding explosives "generate force capable of causing . . . damage to property," and "because fire *is* itself a physical force that causes physical damage too, the intentional setting of fire to . . . [buildings] necessarily has as an element the use, attempted use, or threatened use of physical force." (quotations and citations omitted)); *United States v. McGuire,* 706 F.3d 1333, 1337 (11th Cir. 2013) (holding that setting fire to an aircraft to damage or destroy it is "unmistakably violent" and qualifies as a crime of violence under the elements clause); *Mbea v. Gonzalez*, 482 F.3d 276, 280

5

(4th Cir. 2007) ("Fire *is* itself a physical force. . . . When that destructive force is maliciously set in motion by human hand for the purpose of burning a . . . structure, a 'physical force' is used 'against the property of another.'")).

In his petition for a COA, Elliott argues the district court erred by finding his predicate offense satisfies the elements clause, which requires physical force against the property *of another*, because the arson statute extends to "any building." Elliott urges that the "any building" language "potentially punishes an individual for damaging or destroying one[']s own property," which would not satisfy the elements clause. Aplt. Br. at 29.

Elliott is incorrect. A defendant can be convicted of his predicate offense only if the building is "in whole or in part owned or possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance." 18 U.S.C. § 844(f)(1). It is self-evident that a criminal defendant cannot be any of those entities. Thus, § 844(f)(1) necessarily has as an element physical force "against the . . . property of another." § 924(c)(3)(A). The district court's decision is not reasonably debatable, and we deny Elliott's application for a COA and his motion for certificate of probable cause.

We also deny Elliott's request for counsel. To decide whether to request counsel, we consider the nature of the factual issues, the complexity of the legal issues, the litigant's ability to present the claims, and the merits. *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995). Elliott has capably presented his claim, and the issues involved are uncomplicated.

6

**III.**

For the foregoing reasons, we deny Elliott's application for a COA and his motion for certificate of probable cause and/or certificate of appealability. We deny as moot his motion for production of documents. We further deny his motion for summary reversal and decline to request counsel.

Entered for the Court


Allison H. Eid
Circuit Judge