**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 23, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEL S. ELLIOTT,

Defendant - Appellant.

No. 21-8016
(D.C. Nos. 1:20-CV-00101-SWS &
1:15-CR-00042-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **EID**, Circuit Judges.
_____

Joel S. Elliott requests a Certificate of Appealability ("COA") to appeal the district court's order denying his second or successive motion to vacate or set aside his conviction and sentence under 28 U.S.C. § 2255. In an order filed earlier today, we granted panel rehearing and vacated our previous order denying a COA, which was entered on July 14, 2021, in light of *Borden v. United States*, 141 S. Ct. 1817 (2021). For the reasons set forth below, we now grant a COA. In addition, we vacate the district court's order entered on January 13, 2021, and remand Elliot's § 2255 motion to the district court for further proceedings consistent with this Order.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.

To obtain a COA, Elliott must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). That requires Elliott to prove "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). This debatability standard "does not require a showing that the appeal will succeed." *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003). "In evaluating whether an applicant has satisfied this burden, we undertake a preliminary, though not definitive, consideration of the legal framework applicable to each of the claims." *United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013) (brackets and internal quotation marks omitted).

At the time of the district court's ruling, this court had held that an offense that can be committed with a mens rea of recklessness can serve as a qualifying crime of violence under 18 U.S.C. § 924(c)(3)(A). *See United States v. Mann*, 899 F.3d 898, 902-08 (10th Cir. 2018). This court had likewise held that an offense committed with a mens rea of recklessness can serve as a qualifying "violent felony" under § 924(e)(2)(B) of the Armed Career Criminal Act.[1] *See United States v. Pam*, 867 F.3d 1191, 1207-08 (10th Cir. 2017), *abrogated by Borden*, 141 S. Ct. at 1817. This caselaw is relevant because the federal arson statute that served as a predicate

---

[1] The residual clause in § 924(e)(2)(B) was deemed unconstitutional in *Johnson v. United States*, 576 U.S. 591, 606 (2015).

2

for Elliott's § 924(c) conviction is violated if a defendant "*maliciously* damages or destroys, or attempts to damage or destroy," certain types of property "by means of fire or an explosive." 18 U.S.C. § 844(f)(1) (emphasis added). And this court has defined the term "maliciously" in this statute to include both intentional and reckless behavior. *United States v. Wiktor*, 146 F.3d 815, 818 (10th Cir. 1998).

The district court applied *Mann* in denying Elliott's § 2255 motion on January 13, 2021. *See* R., Vol. 4 at 154 & n.3. It affirmatively stated that "an offense that can be committed with a 'recklessness' *mens rea* can serve as a qualifying 'crime of violence' under . . . § 924(c)(3)(A)." *Id.* at 154 n.3. Five months later, the Supreme Court held in *Borden* that a criminal offense requiring only a mens rea of recklessness cannot count as a violent felony under the elements clause of the Armed Career Criminal Act, § 924(e)(2)(B)(i). 141 S. Ct. at 1821-22, 1825. The Court focused on the meaning of "against another" within the phrase the "use of physical force against the person of another" in the definition of "violent felony" in § 924(e)(2)(B)(i). It reasoned that "'against another[]' . . . demands that the perpetrator direct his action at, or target, another individual" and "[r]eckless conduct is not aimed in that prescribed manner." 141 S. Ct. at 1825. The language in § 924(e)(2)(B)(i) closely resembles the language in § 924(c)(3)(A), except the former states "against the person of another" while the latter states "against the person or property of another."

Having considered this recent legal development, we now conclude that "reasonable jurists could debate whether (or, for that matter, agree that) the petition

3

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack*, 529 U.S. at 484 (internal quotation marks omitted). Because Elliott has made a substantial showing of the denial of a constitutional right, a COA should issue.

## II.

We grant a COA. In addition, we vacate the district court's order entered on January 13, 2021, and remand Elliot's § 2255 motion to the district court for further proceedings consistent with this Order and Judgment—including, if necessary, additional briefing from the parties on the effect, if any, of the Supreme Court's decision in *Borden* and any other recent developments in the law. The mandate shall issue forthwith.

Entered for the Court

Allison H. Eid
Circuit Judge