**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 22, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL SHANE LOURCEY
CLEMENTS,

    Defendant - Appellant.

No. 23-8083
(D.C. Nos. 2:23-CV-000171-NDF &
1:22-CR-00045-NDF-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.
_____

Defendant Michael Clements, a federal prisoner appearing pro se, seeks a

certificate of appealability (COA) in order to appeal the district court's denial of his

motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  We deny a COA

and dismiss this matter.

I

In March 2022, a federal grand jury indicted Clements on two counts of

distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) and (b)(1),

and one count of possession of child pornography, in violation of 18 U.S.C.

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2252A(a)(5)(B) and (b)(2).  On June 30, 2022, Clements pleaded guilty to the possession charge in exchange for the government's agreement to dismiss the two distribution charges.

On August 10, 2022, the probation office prepared and submitted to the district court and the parties a presentence investigation report (PSR).  The PSR applied a base offense level of 18 pursuant to U.S.S.G. § 2G2.2(a)(1).  The PSR then applied five enhancements based on specific offense characteristics: (1) a 2-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(2) because the material involved a prepubescent minor or a minor who had not yet attained the age of 12 years; (2) a 2-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(3)(F) because Clements distributed child pornography to others; (3) a 4-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(4)(A) and (B) because Clements possessed images portraying sadistic or masochistic conduct, as well as images of infants or toddlers; (4) a 2-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(6) because Clements possessed the prohibited images on a cell phone; and (5) a 5-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved 600 or more images.  The PSR in turn applied a 2-point reduction pursuant to U.S.S.G. § 3E1.1(a) because Clements clearly demonstrated acceptance of responsibility for the offense, and a 1-point reduction pursuant to U.S.S.G. § 3E1.1(b) because Clements assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intent to enter a plea of guilty.  Ultimately, the PSR arrived at a total offense level of 30.  As for Clements's criminal history, the PSR assigned 3 points to a March 8, 2017 federal conviction for possession of child pornography.  The PSR also

added 2 criminal points pursuant to U.S.S.G. § 4A1.1(d) because Clements committed the offense of conviction while still serving a term of supervised release for the 2017 federal conviction. This resulted in a total criminal history score of 5 and a criminal history category of III. Together, the total offense level of 30 and the criminal history category of III resulted in a Guidelines imprisonment range of 121 to 151 months. The PSR also noted that, pursuant to 18 U.S.C. § 2252A(b)(2), the statutory minimum term of imprisonment was 10 years.

On September 6, 2022, the district court sentenced Clements to a term of imprisonment of 120 months, to be followed by a five year term of supervised release. Final judgment was entered in the case that same day. Clements did not file a direct appeal.

On September 18, 2023, Clements filed a pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Clements alleged in his motion that his trial counsel "was ineffective . . . for failing to know and understand relevant sentencing factors that would have mitigated [his] sentence." ROA, Vol. 2 at 5. Specifically, Clements alleged that his trial counsel should have asked the district court to apply the safety-valve provision set forth in 18 U.S.C. § 3553(f) and impose a sentence less than the otherwise applicable statutory minimum sentence of ten years. Clements argued that "[p]ost first step act the safety valve now reads in the conjunctive," "mean[ing] that in order to be exempt from the safety valve a person would need to have more than 4 [criminal history] points and a 3 point offense and a 2 point violent offense." *Id*. at 11. Clements argued that he was thus eligible for safety-valve relief because, at the time of

3

the offense of conviction in this case, his criminal history included only a prior 3-point offense and a prior 2-point offense that was not violent.

The government filed a brief in opposition to Clements's § 2255 motion. The government noted that § 3553(f) "appl[ies] only to a very limited class of enumerated crimes primarily concerned with controlled substances" and excluding Clements's offense of conviction. *Id*. at 18. Consequently, the government argued that Clements was ineligible "for a below mandatory minimum sentence pursuant to § 3553(f)." *Id*. The government in turn argued that "there [wa]s simply no reasonable probability [Clements] would have received a sentence under § 3553(f) even had his lawyer made the attempt." *Id*. at 19.

On November 9, 2023, the district court issued an order denying Clements's § 2255 motion. In doing so, the district court "agree[d] with the Government" that § 3553(f) was "plainly inapplicable" because Clements's offense of conviction "was excluded from th[e] list" of offenses eligible for safety-valve relief under § 3553(f). *Id*. at 25. The district court in turn concluded that Clements's "ineffective assistance claim [wa]s predicated on an issue without merit[]." *Id*. at 26.

Judgment was entered in the case on November 9, 2023. The judgment stated, in relevant part, that Clements was "not entitled to relief pursuant to 28 U.S.C. § 2255" and that "no [COA] shall issue." *Id*. at 27.

Clements filed a notice of appeal on December 1, 2023. He has since filed an application for COA with this court.

4

II

A COA is a jurisdictional prerequisite for appellate review of the denial of a § 2255 motion. *United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013). To obtain a COA, a defendant must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires a defendant to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

As we have noted, Clements argued in his § 2255 motion that his trial counsel was ineffective for failing to recognize and argue that Clements was eligible for safety-valve relief under § 3553(f). To prevail on this claim, Clements must first show that his trial counsel's performance was deficient, meaning that it fell "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). If Clements can make this showing, he then must demonstrate that his trial counsel's deficient performance prejudiced him, which requires him to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Clements cannot make the first of these showings because, as the district court correctly noted, Clements is ineligible for safety-valve relief under § 3553(f). Section 3553(f), by its express terms, applies to a limited range of controlled substance offenses. It does not, as the district court noted, apply to child pornography offenses, such as Clements's offense of conviction. Thus, we conclude that the district court correctly

5

rejected Clements's ineffective assistance of counsel claim, and we in turn conclude that reasonable jurists could not disagree with the district court's resolution of that claim.

III

For the reasons stated above, we DENY Clements's application for COA and dismiss this matter.

Entered for the Court


Mary Beck Briscoe
Circuit Judge