FILED
United States Court of Appeals
Tenth Circuit

**March 6, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIAM MICHAEL CROTHERS,

    Petitioner - Appellant,

v.

BRIDGET HILL, Wyoming Attorney
General,

    Respondent - Appellee.

No. 23-8061
(D.C. No. 1:22-CV-00268-SWS)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

Petitioner William Michael Crothers seeks a Certificate of Appealability ("COA")

to challenge the district court's denial of his 28 U.S.C. § 2254 petition for a writ of

habeas corpus. We deny Mr. Crothers' request for a COA and dismiss this matter.

## I.    BACKGROUND

In February of 2020, Mr. Crothers was convicted in a Wyoming circuit court of

two counts of unlawful contact and one count of hosting a house party where minors

were present. The charges emanated from Mr. Crothers' conduct at a party thrown in his

home by his high-school-aged son, involving alcohol and marijuana. *See* Wyo. Stat.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

§§ 6-2-501(g)(i), 6-4-406(a). In April of 2020, he was sentenced to 60-days imprisonment for each conviction, to be served concurrently with 30 days suspended. His sentence further included fines, restitution, and six months of "unsupervised probation." App. at 28. Following sentencing, Mr. Crothers was permitted to remain free after posting an appeal bond.

With the assistance of retained counsel, Mr. Crothers then pursued a direct appeal to the Teton County District Court for the Ninth Judicial District, asserting, among other things, that the prosecution committed a *Brady*[1] violation by failing to disclose immunity agreements entered into between the prosecution and certain witnesses who testified at his trial (teenagers who had consumed alcohol and/or marijuana at the party).[2] *See Brady v. Maryland*, 373 U.S. 83 (1963).

On October 18, 2022, the state court affirmed his convictions. With respect to Mr. Crothers' *Brady* arguments, the state court held that "the evidence shows that the

---

[1] A *Brady* violation has three essential elements: "The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudiced must have ensued." *Douglas v. Workman*, 560 F.3d 1156, 1173 (10th Cir. 2009) (quoting *Banks v. Dretke*, 540 U.S. 668, 691 (2004)).

[2] The state court noted that law enforcement had assured *all* of the underage partygoers that they would not face charges for their underage consumption of alcohol and unlawful consumption of cannabis, and in fact did not prosecute "any of the teenaged partygoers, even those who did not testify on behalf of the State." App. at 125. Because this promise not to prosecute was extended to all partygoers, the state court implied that such promises were "unilateral" and therefore unlikely to amount to immunity agreements that qualify as *Brady* material. *See id.* at 128–29. But the state court, "[o]ut of an abundance of caution, giving all benefit to" Mr. Crothers, "view[ed] the promises not to prosecute as immunity agreements." *Id.* at 129.

2

[prosecution] disclosed the immunity agreements to the Defense," and that even if the evidence showed otherwise, Mr. Crothers could not establish that the prosecution's withholding of the immunity agreements was material to the outcome of his trial because he had amply called the witnesses' credibility into doubt at trial by repeatedly telling the jury that law enforcement had promised not to prosecute the witnesses. App. at 129–30. Following the state court's affirmance of his convictions, Mr. Crothers petitioned the Wyoming Supreme Court for a writ of certiorari, and on November 22, 2022, that court denied the petition.

Having exhausted his state remedies,[3] Mr. Crothers filed this habeas petition in federal district court, asserting the prosecution's alleged *Brady* violation as the sole basis for relief. Mr. Crothers and the Respondent filed cross motions for summary judgment, and on August 1, 2023, the district court denied Mr. Crothers' motion and granted the Respondent's. The district court ruled that the state court did not render an unreasonable determination of the facts by concluding the prosecution had, in fact, disclosed the existence of immunity agreements with testifying witnesses. The district court further concluded that the state court's decision was neither contrary to, nor an unreasonable application of, clearly established federal law.

In so holding, the district court noted that Mr. Crothers' counsel repeatedly told the convicting jury that the testifying witnesses had been granted "immunity" from

---

[3] In his habeas petition, Mr. Crothers alleged, and the Respondent admitted, that Wyoming's post-conviction relief scheme is available only to persons convicted of felonies, and because Mr. Crothers' convictions are misdemeanors, he has exhausted his state remedies by exhausting his direct appeals. *See* Wyo. Stat. § 7-14-101(b).

prosecution, including in his opening statement and in his cross-examination of the law enforcement officer who promised the teenage partygoers they would not face charges by speaking with him. *Id.* at 248–50, 252.

Having resolved the motions for summary judgment, the district court denied Mr. Crothers' § 2254 petition and denied him a COA. Mr. Crothers now seeks a COA from this court.

## II.     ANALYSIS

### A.     *Jurisdiction: Certificate of Appealability*

Absent a COA, we are without jurisdiction to review a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003). Under 28 U.S.C. § 2253(c)(2), "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." A habeas petitioner makes this substantial showing by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). "In evaluating whether an applicant has satisfied this burden, we undertake 'a preliminary, though not definitive, consideration of the [legal] framework' applicable to each of the claims." *United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013) (alteration in original) (quoting *Miller-El*, 537 U.S. at 338). And where, as here, a state court adjudicated the petitioner's constitutional claims on their merits, the deference accorded to state-court determinations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "must be

4

incorporated into our consideration of a habeas petitioner's request for a COA." *See*

*Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004).

In sum, to establish his entitlement to a COA before this court, Mr. Crothers must

show that reasonable jurists could debate the federal district court's conclusion that the

state court's adjudication of his *Brady* claim neither (1) "resulted in a decision that was

contrary to, or involved an unreasonable application of, clearly established Federal law,

as determined by the Supreme Court of the United States," nor (2) "resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence

presented in the State court proceeding." 28 U.S.C. § 2254(d).

### B.     Mr. Crothers' Arguments in Support of a COA

While Mr. Crothers' arguments in support of a COA are not entirely clear, it

appears that he takes issue only with the district court's conclusion that the state court's

decision was not based on an unreasonable determination of the facts. Specifically,

Mr. Crothers asserts that there "is absolutely no evidence in the [state court] record that

the Prosecutor" in fact disclosed the immunity agreements to defense counsel.

Appellant's Br. at 8.

The federal district court rejected this argument by pointing to the lead

prosecutor's affidavit submitted to the state court attesting that he had told Mr. Crothers'

trial counsel that he had promised the teenage witnesses he would not prosecute them for

underage drinking or cannabis use. The district court noted that the state court found

nothing in that affidavit was undermined by anything in the record, and that Mr. Crothers

did not challenge the veracity of that affidavit.

Reasonable jurists could not disagree that the district court faithfully applied the relevant standards to conclude Mr. Crothers did not establish that the state court made an unreasonable determination of the facts by concluding the immunity agreements were in fact disclosed by the prosecution to Mr. Crothers' defense counsel before trial.

### III.    CONCLUSION

For the reasons above, we DENY Mr. Crothers' request for a COA and DISMISS this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge