**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**July 31, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————————

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

GLEN ROY WAYT,

     Defendant - Appellant.

No. 24-8023
(D.C. No. 2:17-CR-00109-ABJ-1)
(D. Wyo.)

———————————————————————

**ORDER AND JUDGMENT**[*]

———————————————————————

Before **PHILLIPS**, **BRISCOE**, and **CARSON**, Circuit Judges.

———————————————————————

     Glen Roy Wayt, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Wayt proceeds pro se, we liberally construe his arguments, but we do not serve as his advocate. *See United States v. Parker*, 720 F.3d 781, 784 n.1 (10th Cir. 2013).

## BACKGROUND

In 2021, Wayt pleaded guilty to two methamphetamine-distribution charges under a Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. The district court accepted the plea agreement and sentenced Wayt to 120 months' imprisonment.

In June 2023, Wayt filed a compassionate-release motion. In his motion, he described that he was suffering from Chronic Obstructive Pulmonary Disease (COPD), high-blood pressure, high cholesterol, and depression. He also cited his age—65 at the time—and his rehabilitation, which included completing educational courses. Together, Wayt argued, his health issues, age, and rehabilitation amounted to an extraordinary and compelling reason that warranted relief. Wayt added that he was entitled to compassionate release because he had satisfied the requirements in "BOP Program Statement 5050.50," which included being over 65, suffering from medical issues, and having served more than fifty percent of his sentence.[2] R. vol. 1, at 84.

The district court denied Wayt's motion. In doing so, the court considered Wayt's health issues, concluding that he "has no terminal health conditions, and he is receiving adequate care while incarcerated." *Id.* at 91. Thus, the court ruled that he had not presented an extraordinary and compelling

---

[2] "A BOP program statement is an interpretative statement of position circulated within the agency that serves to provide administrative guidance in applying a then existing published rule." *Hunnicutt v. Hawk*, 229 F.3d 997, 999 n.2 (10th Cir. 2000) (cleaned up).

reason that warranted relief. The court also determined that Wayt's circumstances were not "similar in gravity to the circumstances listed in the Sentencing Commission's Policy Statement." *Id.* at 92. The court then rejected Wayt's argument that he was entitled to compassionate release because he had satisfied the BOP program statement. The program statement, the court clarified, is used strictly by the BOP to decide whether it will support a prisoner's early release. Because that assessment is separate from the Sentencing Commission's criteria, the court reasoned, the BOP program statement did not control the court's analysis. For all these reasons, the court denied Wayt his requested relief. Wayt timely appealed.

## STANDARD OF REVIEW

We review for an abuse of discretion a district court's order denying a § 3582(c)(1)(A) motion. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *Id.* (quoting *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013)).

## DISCUSSION

Federal courts are generally forbidden from modifying a term of imprisonment after it has been imposed. *Freeman v. United States*, 564 U.S. 522, 526 (2011). But this "rule of finality is subject to a few narrow exceptions," including when a prisoner moves for a sentence reduction under

3

§ 3582(c)(1)(A) for compassionate release. *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (quoting *Freeman*, 564 U.S. at 526).

Before granting a compassionate-release motion, a district court must address three steps. *Id.* at 831. First, the court "must find whether extraordinary and compelling reasons warrant a sentence reduction." *Id.* (cleaned up). Second, the court "must find whether such reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (cleaned up). And third, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Id.* (cleaned up). District courts may deny a compassionate-release motion at any of the three steps without addressing the others. *United States v. Hald*, 8 F.4th 932, 942–43 (10th Cir. 2021).

First, Wayt argues that the district court erred by failing to consider "conjunctive[ly]" his health issues and rehabilitation as an extraordinary and compelling reason that warrants relief. Op. Br. at 1. True, the district court focused on Wayt's health issues without discussing his rehabilitation. But once the district court ruled that Wayt "has no terminal health conditions" and is "receiving adequate care while incarcerated," the essential pillar of Wayt's claim was negated. R. vol. 1, at 91. The district court didn't need to consider rehabilitation because Wayt's rehabilitative efforts wouldn't transform his adequately cared-for health issues into an extraordinary and compelling reason

4

that warrants relief. S*ee* U.S.S.G. § 1B1.13(b)(1) (listing medical issues that are extraordinary and compelling reasons, such as terminal illnesses and end-stage organ disease). The district court sufficiently considered Wayt's argument.

Second, Wayt reasserts his argument that, because he satisfies the BOP program statement, he is eligible for compassionate release. But the BOP program statement does not provide a basis for relief. Rather, it is an administrative guide that the BOP uses to determine which prisoners it should support in seeking compassionate relief. *See* § 3582(c)(1)(A) (authorizing the BOP's director to file a motion for compassionate release on behalf of a prisoner). So even if Wayt satisfies the BOP's criteria outlined in the program statement, he still must meet the requirements for compassionate release. *See Maumau*, 993 F.3d at 831 (listing requirements). The district court correctly rejected this argument.

## CONCLUSION

Because the district court acted within its discretion in denying Wayt's compassionate-release motion, we affirm.

Entered for the Court

Gregory A. Phillips
Circuit Judge

5