FILED
United States Court of Appeals
Tenth Circuit

May 27, 2025

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

PIDY T. TIGER,

    Petitioner - Appellant,

v.

SAM CLINE,

    Respondent - Appellee.

No. 24-3102
(D.C. No. 5:19-CV-03088-JWL)
(D. Kan.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **KELLY**, **EID**, and **ROSSMAN**, Circuit Judges.
_____

Pidy T. Tiger, appearing pro se, requests a Certificate of Appealability ("COA") to challenge the district court's denial of his Motion to Reopen Judgment pursuant to Federal Rule of Civil Procedure 60(b) as untimely. For the reasons explained below, we deny Tiger's request for a COA and dismiss the matter.

**I.**

On October 26, 2012, a jury convicted Tiger of aggravated indecent liberties with a child, in violation of Kan. Stat. Ann. § 21-5506(b)(3)(A)(c)(2)(C)(3), and rape, in violation of Kan. Stat. Ann. § 21-5303(a)(3)(b)(2). Tiger was sentenced to two

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

concurrent life sentences without the possibility of parole for twenty-five years. His attempts at obtaining post-judgment relief through state court proceedings were unsuccessful.

Tiger also made several unsuccessful attempts to obtain relief through federal habeas proceedings. First, in May 2019, Tiger filed a pro se § 2254 petition in the United States District Court for the District of Kansas, asserting five grounds for relief. In April 2023, the district court denied the petition and refused to issue a COA. Five days after that order, Tiger filed a motion for reconsideration, which the district court also denied. Later that month, Tiger filed a motion to alter or amend the judgment, which was also denied. Tiger then filed a notice of appeal, which resulted in the opening of Tenth Circuit Appeal No. 23-3072. On review, this Court denied a COA and dismissed the appeal. Tiger then filed a petition for writ of certiorari in the United States Supreme Court, which was denied in May 2024.

On June 13, 2024, Tiger filed a motion for relief from judgment, which the district court dismissed as an improper second or successive § 2254 petition. On July 3, 2024, Tiger filed a "Motion to Reopen Judgment Pursuant to Fed. Rule 60(b)"—the motion at issue here. In a memorandum order, the district court denied Tiger's motion, holding that (1) it was a "true" Rule 60(b) motion; (2) the motion was untimely; and (3) the substance of the motion was meritless. The district court also denied a COA. This appeal followed.

## II.

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from final judgment for reasons including mistake, newly discovered evidence, fraud, or

2

"any other reason that justifies relief." Fed. R. Civ. P. 60(b). When a petitioner files a Rule 60(b) motion in a § 2254 habeas proceeding, the court must determine whether the motion is a "true" Rule 60(b) motion or a second or successive habeas petition. A motion is a "true" Rule 60(b) motion if it "either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition." *Spitznas v. Boone*, 464 F.3d 1213, 1216 (10th Cir. 2006) (citations omitted).

In an appeal from the denial of a true Rule 60(b) motion, a COA must be granted before we may proceed to the merits of the appeal. *See id.* at 1217–18 ("If the district court correctly treated the motion (or any portion thereof) as a 'true' Rule 60(b) motion and denied it, we will require the movant to obtain a [COA] before proceeding with his or her appeal."). A COA may issue only if the applicant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a district court dismisses the petitioner's motion on procedural grounds, a COA may only issue if the petitioner shows (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

"Each component of [this] showing is part of a threshold inquiry," and a court may address the two components in any order. *Id.* at 485. In evaluating whether a petitioner

3

has made the requisite showing, "we undertake 'a preliminary, though not definitive, consideration of the [legal] framework' applicable to each of the claims." *United States v. Parker*, 720 F.3d 781, 785 (10th Cir. 2013) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)). Tiger is a pro se movant, so we construe his briefing liberally but do not act as his advocate. *See United States v. Griffith*, 28 F.3d 855, 864 n.1 (10th Cir. 2019) (citation omitted).

We conclude that Tiger has not made the requisite showing, because reasonable jurists would not find it debatable whether the district court's procedural ruling was correct—that is, a reasonable jurist could not conclude that the district court erred in dismissing Tiger's Rule 60(b) motion as untimely. The district court determined that Tiger's asserted grounds for relief were based on Rule 60(b)(1) and (3), such that his motion was subject to a one-year time limitation. While a motion under Rule 60(b) generally must be made "within a reasonable time," motions under (b)(1), (2), and (3) are subject to a stricter time limitation and must be made "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

On appeal, Tiger claims that his motion was based on Rule 60(b)(4) and (5) and was therefore not subject to the one-year time limitation. We disagree. Based on the language in Tiger's motion, the relief he seeks most aptly falls under Rule 60(b)(1) and (3). Tiger's motion sought relief because the final judgment was, in Tiger's own words, "obtained by fraud and based on a mistake of law and fact." App'x Vol. I at 295. Thus, although Tiger did not specify which subpart of Rule 60(b) was the basis for his motion, his claims clearly implicate Rule 60(b)(1) and (3), which state that a court may relieve a

4

party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect," or for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(1), (3). A reasonable jurist would therefore not debate whether the district court correctly treated Tiger's motion as being based on Rule 60(b)(1) and (3).

Because Tiger's asserted grounds for relief fall under Rule 60(b)(1) and (3), the one-year time limitation is applicable. The district court entered final judgment in the case on April 14, 2023, and so the deadline for Tiger's motion was April 14, 2024—one year later. But Tiger did not file his Rule 60(b) motion until July 3, 2024. His motion thus came too late.

Accordingly, we conclude that reasonable jurists would not debate whether the district court correctly dismissed Tiger's motion as untimely. After all, the Supreme Court has made clear that "[w]here a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484. The district court properly applied Rule 60(b)(1) and (3)'s one-year time limitation—a plain procedural bar—to Tiger's motion, and so a reasonable jurist could not conclude that doing so was error.

5

Accordingly, we DENY Tiger's request for a certificate of appealability and DISMISS this matter.

Entered for the Court


Allison H. Eid
Circuit Judge