**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 3, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES JEFFERY CAMPBELL,

Petitioner-Appellant,

v.

RAY ROBERTS; ATTORNEY
GENERAL OF KANSAS,

Respondents-Appellees.

No. 05-3076

(D. of Kan.)

(D.C. No. 04-CV-3057-SAC)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY** *

---

Before **KELLY** , **O'BRIEN** , and **TYMKOVICH** , Circuit Judges. **

---

Petitioner-Appellant Charles Jeffery Campbell, a state prisoner appearing

pro se, seeks a certificate of appealability (COA), *see* 28 U.S.C. § 2253(c),

allowing him to appeal the order of the United States District Court for the

District of Kansas denying his petition for a writ of habeas corpus filed pursuant

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders; nevertheless, an order may be cited under the terms and conditions of 10th Cir. R. 36.3.

** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

to 28 U.S.C. § 2254 as untimely. *See* 28 U.S.C. § 2244(d). Because we determine Campbell has not established "jurists of reason could conclude that the District Court's dismissal on procedural grounds was debatable or incorrect," *Slack v. McDaniel*, 529 U.S. 473, 485 (2000), we deny a COA and dismiss the appeal.

## I. Background

On June 13, 1995, a Kansas state court sentenced Campbell to a term of imprisonment stemming from his convictions for robbery, theft, forgery and burglary. The Kansas Court of Appeals affirmed on October 4, 1996 and Campbell did not seek further review on direct appeal. Campbell's convictions therefore became final in November 1996 when his ability to directly appeal to the Kansas Supreme Court expired, *see* Kan. Stat. Ann. § 20-3018(b), and, absent tolling, his opportunity to seek federal habeas review concluded in November 1997, *see* 28 U.S.C. § 2244(d).

Campbell first sought post-conviction relief in April 2000 in state district court. The court denied relief on April 25, 2000 and Campbell did not seek review of that determination in the state appellate courts. Campbell then filed another motion seeking state post-conviction relief in August 2002. The state district court denied relief on August 30, 2002 and the Kansas Supreme Court affirmed the denial on October 31, 2003.

In February 2004, Campbell filed a petition for a writ of habeas corpus pursuant to § 2254 in federal district court. In the petition, Campbell alleged the use of his prior juvenile adjudications in calculating his criminal history for sentencing purposes following his June 1995 convictions violated due process. The district court did not reach the merits of the due process claim. Instead, the court issued an order on June 29, 2004 finding that Campbell did not file his § 2254 petition within the one-year limitations period dictated by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), *see* 28 U.S.C. § 2244(d), and requiring him to show cause as to why the petition should not be dismissed as time barred.

On January 23, 2005, the district court dismissed the petition as time barred, concluding that the § 2244(d) limitations period should not be equitably tolled because Campbell failed to diligently pursue his claims, and also denying Campbell's motion for a stay to allow him to return to state court to establish cause for his late federal filing. As evidence that Campbell had not diligently pursued his claims, the court cited his failure to seek appellate review of the denial of his first state post-conviction motion and the more than two-year period between that denial and his filing of a second state post-conviction motion. The court also rejected Campbell's claim that ineffective assistance of appellate counsel on direct appeal warranted equitable tolling. Finally, the court denied

Campbell's request for a stay because the record showed he had not diligently pursued his claims.

## II. Discussion

To warrant a COA where the district court dismissed his § 2254 petition on procedural grounds, Campbell must establish "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Because Campbell has not shown it is debatable whether the district court properly denied his equitable tolling claim, we need not reach the due process issue. *See id.* at 485.

The § 2244(d) limitations period is subject to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, to be entitled to equitable tolling a petitioner must have diligently pursued his claims. *See Woodward v. Williams*, 263 F.3d 1135, 1142–43 (10th Cir. 2001); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Campbell argues he is entitled to equitable tolling because (1) his appellate counsel on direct appeal failed to seek review in the Kansas Supreme Court and did not apprise him of that fact, and (2) he had inadequate access to legal materials while incarcerated.

These arguments do not excuse Campbell's lengthy delay in seeking federal relief. As determined by the district court, appellate counsel's alleged failure to keep Campbell informed of the status of his direct appeal did not prevent him from either checking the status of his appeal himself or from seeking federal review in a timely manner. This same conclusion explains why the district court properly did not stay this action to allow Campbell to return to state court to pursue his ineffectiveness of appellate counsel assertion. Furthermore, Campbell's conclusory claim as to inadequate access to legal materials is insufficient to account for the approximate five-year period, even excluding the time in which his state post-conviction motions were pending, between when his convictions became final and when he sought federal review. *See Marsh*, 223 F.3d at 1220 ("ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing"). Accordingly, this case does not present one of those "rare and exceptional circumstances" in which the untimely filing of a federal habeas petition should be equitably excused. *Gibson*, 232 F.3d at 808.

### III. Conclusion

Campbell's application for a COA is denied and the appeal is dismissed.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge