**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 4, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

REHAN ALI BHUTTO,

     Petitioner - Appellant,

v.

EDDIE WILSON, Warden, Wyoming
State Penitentiary,

     Respondent - Appellee.

No. 16-8027
(D.C. No. 2:15-CV-00161-NDF)
(D. Wyo.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **HOLMES**, and **MORITZ**, Circuit Judges.

Petitioner-Appellant Rehan Ali Bhutto, a state inmate appearing pro se, seeks a certificate of appealability ("COA") so that he may appeal from the district court's denial of his habeas corpus petition filed pursuant to 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(1)(B). To receive a COA, Mr. Bhutto must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 336 (2003). Because the district court denied his petition on a procedural ground (time-bar), Mr. Bhutto must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would

find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). We hold that the district court's decision that the petition is time-barred is not reasonably debatable. Therefore, we deny a COA and dismiss the appeal.

Following a jury trial, Mr. Bhutto was convicted in state court of premeditated first-degree murder and was sentenced to life without the possibility of parole in 2002. Mr. Bhutto appealed, and the Wyoming Supreme Court affirmed on July 13, 2005. On May 8, 2006, Mr. Bhutto filed his first post-conviction petition, which the state district court dismissed on December 1, 2008. Although Mr. Bhutto did not seek review of that dismissal, he filed a second post-conviction petition on April 3, 2015. On July 7, 2015, the state district court dismissed the second petition as untimely and procedurally barred, because Mr. Bhutto did not raise his claim on direct appeal or in his first petition. The Wyoming Supreme Court denied Mr. Bhutto's subsequent petition for writ review of that decision.

Mr. Bhutto then filed a habeas petition in federal court on September 16, 2015, claiming ineffective assistance of counsel arising from his attorneys' alleged failure to develop and argue a heat of passion defense and to investigate an automatism defense. The State moved to dismiss the petition as time-barred by the one-year limitations period in 28 U.S.C. § 2244(d)(1). The district court granted the State's motion after determining that the petition was more than six

years late and that neither statutory nor equitable tolling applied.

On appeal, Mr. Bhutto does not contend that his habeas petition was timely, but argues that he is entitled to both statutory and equitable tolling. However, we see no basis for tolling that could render this petition timely.

To qualify for statutory tolling under 28 U.S.C. § 2244(d)(1)(B), Mr. Bhutto must identify an impediment caused by unconstitutional state action that actually prevented him from filing. See Krause v. Thaler, 637 F.3d 558, 560–61 (5th Cir. 2011). He contends that his inability to access transcripts, court records, attorney notes, and other discovery from his attorneys constitutes a state-created impediment to timely filing. However, the failure of Mr. Bhutto's attorneys to turn over notes and discovery does not constitute state action. Sigala v. Bravo, 656 F.3d 1125, 1127–28 (10th Cir. 2011) (actions by defendant's counsel are not state action). Further, Mr. Bhutto's explanations of why the documents held by the state were necessary to pursue his federal claim fall far short. See Clark v. Oklahoma, 468 F.3d 711, 714 (10th Cir. 2006). Mr. Bhutto's arguments in his petition regarding the heat of passion and automatism defenses are of the kind that can be made without access to any of the materials sought. Indeed, in his petition for writ of habeas corpus, Mr. Bhutto clearly detailed the alleged inadequacies of counsel without reference to the trial transcript or other requested documents. See 1 R. 12–18, 21–24. Thus, we conclude that the district court's determination, that Mr. Bhutto failed to demonstrate how state action impeded

him from filing within the one-year statute of limitations, is not reasonably debatable.

Because Mr. Bhutto's statutory tolling arguments are without merit, his petition is timely only if equitable tolling applies. To qualify for equitable tolling, a petitioner must establish diligent pursuit of his claims and show that his failure to file timely was caused by extraordinary circumstances beyond his control. Holland v. Florida, 560 U.S. 631, 649 (2010); Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Here, Mr. Bhutto advances the same argument regarding his inability to access various documents. Again, the district court's conclusion, that Mr. Bhutto has failed to demonstrate how he diligently pursued his right to file a federal habeas claim during the past six years, is not reasonably debatable. The failure to receive trial transcripts and certain other court documents to canvas the record for possible error does not constitute "extraordinary circumstances" that would entitle Mr. Bhutto to equitable tolling. See Heinemann v. Murphy, 401 F. App'x 304, 311–12 (10th Cir. 2010).

Because the district court's decision is not reasonably debatable, we DENY Mr. Bhutto's request for a COA, DENY his motion to proceed IFP, and DISMISS the appeal.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge
