FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

STEPHEN RANDALL CHRISTENSEN, JR.,

      Petitioner - Appellant,

v.

STEVEN HARPE,*

      Respondent - Appellee.

No. 22-6052
(D.C. No. 5:21-CV-00782-J)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**\*\*
_____

Before **HOLMES**, Chief Judge, **KELLY**, and **ROSSMAN**, Circuit Judges.
_____

Stephen Randall Christensen, Jr., an Oklahoma state prisoner proceeding pro se,[1]

seeks a certificate of appealability ("COA") to appeal from the district court's order

denying his 28 U.S.C. § 2254 petition seeking habeas corpus relief from his state

---

\*      Pursuant to Fed. R. App. P. 43(c)(2), Steven Harpe, the current Director of the Oklahoma Department of Corrections, is automatically substituted as Respondent in this case.

\*\*      This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1]      Because Mr. Christensen litigates this matter pro se, we construe his filings liberally; however, we do not act as his advocate. _See United States v. Parker_, 720 F.3d 781, 784 n.1 (10th Cir. 2013).

conviction and sentence.  We **deny** Mr. Christensen's COA request and **dismiss** this matter.

## I

### A

In 2014, Mr. Christensen was convicted of one count of sexual abuse of a child and two counts of procuring child pornography in Canadian County District Court in Oklahoma.  The state district court sentenced Mr. Christensen to life imprisonment on the child sex abuse count and twenty years' imprisonment on each of the two counts of procuring child pornography, ordering those two counts to run concurrently with each other but consecutively with the life imprisonment sentence.

Mr. Christensen appealed to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed his conviction on January 6, 2016.  He then filed two motions in state district court challenging his sentence.  First, on January 15, 2016, Mr. Christensen filed a motion for suspended or modified sentence, which the state district court denied on April 12, 2016.  Second, on June 13, 2016, he filed a motion to set a judicial review hearing, which the state district court denied on July 25, 2016.

Next, Mr. Christensen filed two applications for postconviction relief.  He filed the first application on August 22, 2016, which the state district court denied on February 6, 2017.  The OCCA affirmed the denial on August 8, 2017.  Mr. Christensen filed the second application for postconviction relief on November 13, 2017, which the state district court denied on January 12, 2018.

The state district court, however, failed to mail to Mr. Christensen a copy of its January 12 decision, denying Mr. Christensen's second application for postconviction relief. And, thus apparently unaware of the denial, Mr. Christensen continued filing letters and amendments to his second application for post-conviction relief. On July 12, 2018, Mr. Christensen filed a motion for a writ of mandamus in the OCCA to compel the district court to rule on his second application for post-conviction relief. The OCCA declined jurisdiction and dismissed the matter on July 30, 2018. On August 27, 2018, Canadian County District Judge Paul Hesse sent a letter to Mr. Christensen, notifying him that his second application for post-conviction relief had been denied in January.

On October 15, 2018, Mr. Christensen requested an appeal out of time for his second application for post-conviction relief because he did not receive notice of the denial of his application until after the appeal window had passed. On July 11, 2019, the state district court entered an order recommending that the OCCA grant Mr. Christensen's request because he was effectively denied the right to appeal his second application for post-conviction relief through no fault of his own due to the lack of notice. Yet, the state district court did not mail Mr. Christensen a copy of this recommendation until November 15, 2019. Thus, by the time Mr. Christensen received notice that his first request for an appeal out of time had been granted, the deadline for him to file such an appeal had passed.

On August 6, 2020, approximately nine months later, Mr. Christensen filed a second motion requesting an appeal out of time for his second application for post-conviction relief. The state district court recommended granting this motion on October

3

23, 2020. The OCCA granted the appeal out of time on December 22, 2020, and subsequently affirmed the denial of Mr. Christensen's second application for post-conviction relief on May 18, 2021.

**B**

Mr. Christensen filed a petition for habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma on August 4, 2021. He brought eighteen grounds for relief. The State moved to dismiss his action as time-barred.

On referral, the magistrate judge issued a report and recommendation ("R&R") concerning the motion seeking the dismissal of Mr. Christensen's habeas petition. *See Christensen v. Crow*, No. CIV-21-782-J, 2022 WL 1214750 (W.D. Okla. Feb. 28, 2022). In the R&R, the magistrate judge recommended dismissing Mr. Christensen's § 2254 petition as untimely. Specifically, the magistrate judge calculated that, absent tolling, Mr. Christensen's statutory year to file a habeas petition under § 2244(d)(1)(A) would have expired on April 6, 2017—one year after his convictions became final on April 6, 2016. However, the magistrate judge identified four periods of tolling that extended Mr. Christensen's time to file a habeas petition until August 2, 2018.

First, the magistrate judge gave Mr. Christensen the benefit of tolling between January 15, 2016, and April 12, 2016, while Mr. Christensen's motion for a suspended or modified sentence was pending. Second, the magistrate judge gave Mr. Christensen the benefit of tolling between June 13, 2016, and July 25, 2016, while Mr. Christensen's

motion to set a judicial review hearing was pending.[2]  Third, the magistrate judge found that the statute of limitations was tolled between August 22, 2016, and August 8, 2017, while Mr. Christensen's first application for post-conviction relief was pending.  Lastly, the magistrate judge found that the statute of limitations was tolled between November 13, 2017, and February 1, 2018, while Mr. Christensen's second application for post-conviction relief was pending.[3]  Because Mr. Christensen did not file his habeas petition until August 4, 2021, she concluded that his petition was untimely by a period of "just over three years."  *Id*. at *5.

The magistrate judge then addressed Mr. Christensen's argument that his filing period should have been tolled under 28 U.S.C. § 2244(d)(1)(B) because two state actions

---

[2]     The magistrate judge noted that the government objected to tolling Mr. Christensen's statutory year for these two periods.  *See Christensen*, 2022 WL 1214750, at *4 n.5 ("It remains an open question in the Tenth Circuit whether Petitioner's motion for a suspended or modified sentence or his later motion to set a judicial review hearing, both presumably filed pursuant to OKLA. STAT. tit. 22, § 982a, tolled the § 2244 limitations period. . . . This Court need not decide that issue because Petitioner's habeas petition was untimely filed even if given the benefit of the time when both motions were pending.").  For the same reason, we will also give Mr. Christensen the benefit of tolling during these periods.

[3]     The magistrate judge noted that the state district court denied Mr. Christensen's second application for post-conviction relief on January 12, 2018.  However, she determined that his statutory year began to run again on February 1, 2018.  *See Christensen*, 2022 WL 1214750, at *5.  As we have noted, "the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law."  *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000).  Under the OCCA's appellate rules, state appellants have a twenty-day period to appeal from final judgments to the OCCA.  *See* Rule 5.2(C)(1), *Rules of the Okla. Ct. of Crim. App.*, OKLA. STAT. tit. 22, Ch. 18, App. (2018) (allowing twenty days to appeal from final judgment to OCCA by filing a Notice of Post-Conviction Appeal).  Therefore, Mr. Christensen's statutory year began to run again on February 1, 2018, twenty days after January 12, 2018.

impeded his ability to file a habeas petition. Section 2244(d)(1)(B) provides that the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period is tolled if an unconstitutional or illegal state action creates an impediment to filing a habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B). The tolling period under § 2244(d)(1)(B) runs until "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed." *Id.*

Mr. Christensen argued that the state's delay in responding to his requests for trial transcripts and the state court's failure to notify him of its ruling on his motion for an appeal out of time for his second application for post-conviction relief constituted state-imposed impediments to filing under this section. The magistrate judge refrained from reaching the question of whether these were unconstitutional or illegal state actions that would merit tolling under § 2244(d)(1)(B) because, even if Mr. Christensen received the benefit of tolling during these periods, his statutory year still would have expired before he filed his § 2254 petition.

Specifically, the magistrate judge found that, during the time that Mr. Christensen was waiting for the court to mail him his transcripts between June 28, 2016, and August 31, 2016, the statute of limitations was already tolled between June 13, 2016, and July 25, 2016, (while Mr. Christensen's motion to set a judicial review hearing was pending), and between August 22, 2016, and August 31, 2016, (while Mr. Christensen's first application for post-conviction relief was pending). Therefore, "applying § 2244(d)(1)(B) for the delayed receipt of transcripts would only have given [Mr.

6

Christensen] twenty-eight more days to file his habeas petition, which he in fact filed three years late." *Christensen*, 2022 WL 1214750, at *5.

As to the notification delays, the magistrate judge found that Mr. Christensen had 181 days remaining in his statutory year at the time he filed his second application for post-conviction relief on November 13, 2017. If Mr. Christensen received the benefit of tolling while he was awaiting notification of the denial of his second application for post-conviction relief, his statutory year would have been tolled until August 28, 2018, the day after Judge Hesse sent him the letter notifying him of the denial of his second application for post-conviction relief. Mr. Christensen's statutory year would then have run until October 15, 2018, when Mr. Christensen filed his request for an appeal out of time, leaving 134 days remaining in his statutory year. If Mr. Christensen received the benefit of the notification delay for this motion, his statutory year would have been tolled until November 15, 2019, when the state district court mailed Mr. Christensen a copy of its July 11 recommendation. Mr. Christensen's statutory year would have expired 134 days later, on March 28, 2020, "well before he filed his petition on August 4, 2021." *Id.* at *6. Even though Mr. Christensen "eventually filed a second motion for an appeal out of time on August 6, 2020," that motion did not toll his statutory year because the year had already expired. *Id.*

Lastly, the magistrate judge addressed Mr. Christensen's argument that he was entitled to equitable tolling. Mr. Christensen had argued that he was entitled to equitable tolling because of his delayed receipt of the state court post-conviction rulings; his diminished mental capacity due to an "anoxic brain injury"; and his lack of access to

7

transcripts or evidence that he requested to support his second application for post-conviction relief. *Id.* However, the magistrate judge disagreed and found that Mr. Christensen was not entitled to equitable tolling.

Regarding the delayed receipt of the state court post-conviction rulings, the magistrate judge found that Mr. Christensen was not entitled to equitable tolling because he received notice of the rulings on November 15, 2019, yet declined to file his habeas petition until August 4, 2021. As such, "the Court . . . need not determine whether Petitioner acted with sufficient diligence to obtain equitable tolling." *Id.* at *7. Regarding the "anoxic brain injury" that Mr. Christensen allegedly received from a suicide attempt in November 2018, the magistrate judge found that "the Tenth Circuit 'has yet to apply equitable tolling on the basis of mental incapacity.'" *Id.* (quoting *Berry v. Haddon*, No. 2:20-CV-729, 2022 WL 326991, at *2 (D. Utah Feb. 3, 2022)). Further, Mr. Christensen "ha[d] proven 'capable of pursuing his own claim' in spite of injuries sustained from his suicide attempt[,]" including making "numerous filings in state and federal courts." *Id.*

Next, the magistrate judge found that Mr. Christensen "likewise [was] not entitled to equitable tolling on the ground that the state court did not acknowledge his requests for transcripts or other case-related documents necessary to filing his second application for post-conviction relief," because "the unavailability of trial transcripts and unspecified case-related documents 'to canvas the record for possible error does not constitute "extraordinary circumstances" that would entitle [a petitioner] to equitable tolling.'" *Id.* (quoting *Bhutto v. Wilson*, 669 F. App'x 501, 503 (10th Cir. 2016)).

8

Finally, the magistrate judge found that Mr. Christensen was not entitled to equitable tolling on the basis of actual innocence because Mr. Christensen "ha[d] not put forth new evidence or alleged facts amounting to actual innocence," only "claims of constitutional and legal error." *Id.* at *8. Accordingly, the magistrate judge recommended that the district court grant the state's motion to dismiss Mr. Christensen's habeas petition as untimely filed under § 2244(d)(1)(D).

On March 21, 2022, after considering Mr. Christensen's objections, the district court adopted the R&R. *See Christensen v. Crow*, No. CIV-21-782-J, 2022 WL 834964 (W.D. Okla. Mar. 21, 2022). In that same order, the district court denied Mr. Christensen a COA. Mr. Christensen then filed a motion to reconsider, which the district court denied on May 9, 2022. This appeal and application for a COA followed.

## II

A COA is a prerequisite to our appellate review. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain a COA where, as here, the district court dismissed a habeas petition on procedural grounds, Mr. Christensen must show *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Rather than addressing these two threshold requirements in order, we may 'resolve the issue whose answer is more apparent from the record and arguments.'" *Frost v. Pryor*, 749 F.3d 1212, 1230–31 (10th Cir. 2014) (quoting *Slack*, 529 U.S. at 485). With that guidance in mind, we review Mr. Christensen's arguments in support of a COA and

9

conclude that no reasonable jurist would find the correctness of the district court's procedural dismissal of Mr. Christensen's petition to be debatable.

**A**

Mr. Christensen contends that "[t]he district court . . . erred in its calculation of both statutory and equitable tolling, and incorrectly barred [his] habeas corpus petition as untimely." Aplt.'s Combined Opening Br. & Appl. for a COA at 9. Mr. Christensen offers three additional tolling periods that the magistrate judge did not include. Primarily, Mr. Christensen argues that the statute of limitations should have been tolled for the entire period between when he filed his second application for post-conviction relief on November 13, 2017, and when the OCCA affirmed the denial of his second application for post-conviction relief on May 18, 2021. Secondarily, Mr. Christensen argues that the statute of limitations should also have been tolled an additional twenty days each after the district court denied his motion for a suspended or modified sentence on April 12, 2016, and after the district court denied his motion to set a judicial review hearing on July 25, 2016.

To begin, Mr. Christensen offers three arguments in support of the conclusion that the statute of limitations should have been tolled between November 13, 2017, and May 18, 2021. First, Mr. Christensen argues that the state created an "extraordinary" "impediment" that stood in his way and prevented timely filing of his habeas petition. *Id.* at 10. Specifically, "despite the fact that the district court . . . denied [his] post-conviction application on the 12th of January, 2018[,] [Mr. Christensen] was not provided any order or document proclaiming this fact." *Id.* at 14. Yet, "[d]ue to [his] efforts[,]

10

district court judge Hesse mailed a letter to the petitioner on the 27th of August, 2018."
*Id.* However, as Mr. Christensen reasons, "this 'letter' although it did inform the petitioner of the denial[,] it did nothing to enable the petitioner to appeal [] since the letter did not include the denial order or even state why the application was denied." *Id.* At that point, he says, it was also too late to appeal, and he had to show that he was denied an appeal "through 'no fault of his own.'" *Id.* at 15.

On October 15, 2018, Mr. Christensen requested the right to appeal out of time, which the district court granted on July 11, 2019. As Mr. Christensen observes, "[u]nfortunately[,] the district court failed to send the July 11th ruling to the petitioner until November 15th, 2019. Again the petitioner was forced out-of-time[.]" *Id.* at 16. Mr. Christensen emphasizes that he was forced to "backtrack" to show the district court that he was again denied an appeal through no fault of his own. *Id.* Therefore, in his view, the magistrate judge and district court erred in concluding that his statutory year resumed upon receipt of the August 27, 2018, letter, because the state-created impediment to filing continued until at least November 15, 2019.

Second, Mr. Christensen argues that the statute of limitations should have been tolled between the time he filed his second application for post-conviction relief on November 13, 2017, until at least December 22, 2020, because, under *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), "the statutory limitations period is tolled during the period in which the petitioner 'could have' sought an appeal 'under state law,'" and Mr. Christensen was unable to seek an appeal of the denial of his second application for post-conviction relief until the OCCA granted the appeal out of time on December 22, 2020.

11

*Id.* at 18–19.  Stated otherwise, irrespective of the almost nine month period spanning his receipt on November 15, 2019, of the state district court's July 11, 2019, decision, and his second motion for an appeal out of time on August 6, 2020, Mr. Christensen believes that he was unable, under *Gibson*, "to appeal the denial of his second application for post-conviction relief" until December 22, 2020, when the OCCA granted his second appeal out of time.  *Id.* at 20; *see Gibson*, 232 F.3d at 804.  From there, Mr. Christensen reasons that his statutory year was tolled until May 18, 2021, when the OCCA affirmed the state district court's denial of the second application for post-conviction relief.

Third, and finally, Mr. Christensen argues that he is entitled to equitable tolling. Citing *Holland v. Florida*, 560 U.S. 631 (2010), he argues that he "did everything he could to pursue his rights 'diligently' and that 'extraordinary circumstances' [] 'stood in his way.'"  Aplt.'s Combined Opening Br. & Appl. for a COA at 20 (quoting *Holland*, 560 U.S. at 649).  In particular, he "suffered a traumatic brain injury and was in a coma for 9 days[.]"  *Id.*

As to Mr. Christensen's argument that the statute of limitations should have been tolled an additional twenty days each after the district court denied his motion for a suspended or modified sentence on April 12, 2016, and denied his motion to set a judicial review hearing on July 25, 2016, Mr. Christensen invokes the same language in *Gibson v. Klinger* that "the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."  *Id.* at 17 (quoting 232 F.3d at 804). Therefore, even though he declined to appeal these two district court decisions, he avers that his statutory year was tolled an additional twenty days each after these motions were

12

decided—until May 2, 2016, and August 14, 2016, respectively. Given the additional forty days of tolling from these motions, and the entire tolling period between November 13, 2017, and May 18, 2021, Mr. Christensen calculates that "142 days remained in his statutory year" at the time he filed his habeas petition. *Id.* at 19.

**B**

We conclude that jurists of reason could not debate that the district court was correct in its procedural ruling that Mr. Christensen's habeas petition was untimely. *See Slack*, 529 U.S. at 484. Even if we were to give Mr. Christensen the benefit of the additional forty days he calculates for his state district court motions in 2016, and the benefit of § 2244(d)(1)(B) for a state-created impediment to filing, his statutory year would have expired before he filed his second motion for an appeal out of time on August 6, 2020, and long before he filed his § 2254 motion on August 4, 2021.

Assuming *arguendo* that the August 27, 2018, letter did not resume Mr. Christensen's statutory year, the state-created impediment to filing would have expired on November 15, 2019, when Mr. Christensen was provided a copy of the district court's recommendation to grant his first motion for an appeal out of time. At that time, under Mr. Christensen's calculation, he would have had 181[4] days remaining in his statutory year, or 221 days with the benefit of the additional forty days for his 2016 motions.

---

[4]     Mr. Christensen actually calculates that he had 179 days remaining in his statutory year at the time he filed his second application for post-conviction relief on November 13, 2017 (or 219 days with the benefit of the additional forty days). We note that the magistrate judge calculated that Mr. Christensen would have had 181 days remaining in his statutory year when he filed his second petition for post-conviction relief on November 13, 2017, if he received the benefit of statutory tolling under

Mr. Christensen's argument that, under *Gibson*, his statutory year should have been tolled further because he was unable to effectively seek an appeal until December 22, 2020, is unavailing. *Gibson* holds only that "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law" after the post-conviction application was denied. *Gibson*, 232 F.3d at 804. The magistrate judge already included in her calculation the period in which Mr. Christensen could have sought an appeal under Oklahoma law after his second application for post-conviction relief was denied. *See Christensen*, 2022 WL 1214750, at *5 ("The district court denied his second application for post-conviction relief on January 12, 2018. Because Petitioner did not timely appeal, his statutory year began to run again after his time to appeal expired twenty days after the district court's decision, on February 1, 2018."). Mr. Christensen points to no law that suggests that statutory tolling under AEDPA extends until a petitioner can *effectively* appeal the denial of an application for post-conviction relief in their post-conviction state.

To be sure, under the text of *Gibson*, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law, and Mr. Christensen's argument is that, between February 1, 2018, and December 22, 2020, he

---

§ 2244(d)(1)(B). *See Christensen*, 2022 WL 1214750, at *5. We give Mr. Christensen the benefit of the magistrate judge's calculation of how many days would have remained in Mr. Christensen's statutory year if he received the benefit of § 2244(d)(1)(B), but also note that these two days are immaterial to our conclusion that Mr. Christensen's petition is time-barred.

*could not have* sought an appeal because of the state's delays in notifying him of the court's opinions. If anything, *Gibson* could toll the statute of limitations for the twenty days after the court granted Mr. Christensen's first request for an appeal out of time (July 11, 2019, through July 31, 2019), because the window to appeal under state law was re-opened, but the magistrate judge already included the benefit of tolling during that period in her calculation because the court did not mail Mr. Christensen a copy of its July 11 decision until November 15, 2019. *See Christensen*, 2022 WL 1214750, at *5–6.

Therefore, at the latest, the statute of limitations began running again on November 16, 2019. Without opining on the merits of Mr. Christensen's § 2244(d)(1)(B) argument or his argument for twenty additional days after each of his 2016 motions, the most days Mr. Christensen could have had remaining in his statutory year on November 16, 2019, is 221 days. Yet, Mr. Christensen did not file his second request for an appeal out of time until August 6, 2020—264 days after November 16, 2019. Therefore, his statutory year had already expired when he filed his second request for an appeal out of time, and long before he filed his habeas petition on August 4, 2021.

This court requires habeas petitioners to diligently pursue their state remedies. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("The one-year time period begins to run in accordance with individual circumstances that could reasonably affect the availability of the remedy, *see* 28 U.S.C. § 2244(d)(1)(B), (D) . . . ." (citation omitted)); *Moore v. Gibson*, 250 F.3d 1295, 1299 (10th Cir. 2001) ("Moore claims he was denied counsel to appeal his December 1993 resentencing. However, even crediting his account of the events, he did not initiate his state post-conviction proceedings until April 1997.

15

This delay does not demonstrate that Moore was pursuing his claims diligently."); *see also Linn v. Kiowa Cnty. Dist. Ct.*, 191 F. App'x 790, 793 (10th Cir. 2006) ("Linn did not file any action for post-conviction relief in state court until seven years after his conviction became final, and his only claim as to why this delay occurred is that his attorney never responded to his letters and phone calls . . . . Such allegations do not satisfy his obligation to diligently pursue his appeal."); *Campbell v. Roberts*, 143 F. App'x 110, 112 (10th Cir. 2005) ("As evidence that Campbell had not diligently pursued his claims, the court cited his failure to seek appellate review of the denial of his first state post-conviction motion and the more than two-year period between that denial and his filing of a second state post-conviction motion. . . . These arguments do not excuse Campbell's lengthy delay in seeking federal relief.").

Mr. Christensen failed to exercise diligence in taking corrective measures after learning on November 15, 2019, that the state district court granted his first motion for an appeal out of time. Mr. Christensen could have moved for a second appeal out of time soon thereafter. Instead, he waited nearly nine months before moving for a second appeal out of time, which he filed on August 6, 2020. As we have already discussed, his statutory year expired well before that date.

For the same reason, Mr. Christensen cannot prevail under equitable tolling. Equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Even if we give Mr. Christensen the benefit of the nine days in which he was in a coma following his

16

traumatic brain injury, Mr. Christensen makes no argument on appeal as to why he did not diligently pursue filing a second motion for an appeal out of time, and "[w]e cannot make arguments for him." *United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011).[5]

\*\*\*

In sum, we conclude that jurists of reason would not find debatable the correctness of the district court's decision denying as time-barred Mr. Christensen's habeas motion.

**III**

For the foregoing reasons, we **DENY** Mr. Christensen's request for a COA and dismiss this matter.[6]

Entered for the Court

Jerome A. Holmes
Chief Judge

---

[5]     As the district court correctly noted, because the magistrate judge already gave Mr. Christensen the benefit of statutory tolling for the state's delays in notifying him of the court's decisions, he is not entitled to "duplicative tolling under an equitable tolling theory" for those periods. *Christensen*, 2022 WL 834964, at \*2.

[6]     We summarily **GRANT** Mr. Christensen's motion for leave to proceed *in forma pauperis*, concluding that such relief is appropriate.

17